# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A. and Pirelli Tire LLC,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **Court No. 20-00115** |
| **United States,** | ) ) |
| **Defendant.** | ) ) |

## COMPLAINT

Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and Pirelli Tire LLC (collectively "*Pirelli*" or "*Plaintiffs*"), by and through their counsel, state the following claims against the Defendant, the United States:

## JURISDICTIONAL STATEMENT

1.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a.  This action contests the final determination issued by the U.S. Department of Commerce ("*Commerce*") in the administrative review of the antidumping duty order on certain passenger vehicle and light truck tires from the People's Republic of China (Case No. A-570-016) for the period of review August 1, 2017 through July 31, 2018 ("POR 3").  See *Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2017-2018,* 85 Fed. Reg. 22,396 (April 22, 2020) ("*Final*

*Results*").  Commerce's analysis of issues pertaining to Plaintiffs raised in the *Final AR 2017-2018 Results* is contained in its memorandum titled "*Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review of Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China and Rescission, in part; 2017-2018*" dated April 15, 2020 ("*Final IDM*").

## STANDING OF PLAINTIFFS

2.      Plaintiff Pirelli Tyre Co., Ltd ("PTCL") is a foreign producer and exporter of subject merchandise.  Plaintiff Pirelli Tyre S.p.A is an affiliate of PTCL and is a seller and exporter of subject merchandise.  Plaintiff Pirelli Tire LLC is an affiliate of PTCL and Pirelli Tyre S.p.A., and is involved in the importation of subject merchandise into the United States and its subsequent sale.  Plaintiffs PTCL, Pirelli Tyre S.p.A., and Pirelli Tire LLC are, therefore, interested parties, as defined in section 771(9)(A) and 516A(f)(3) of the Tariff Act of 1930 (as amended), 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3).  In addition, Plaintiffs fully participated in the proceeding being challenged.

3.      Accordingly, Plaintiffs have standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.      Commerce published a notice of the contested antidumping administrative review determination on April 22, 2020.  See *Final Results*, 85 Fed. Reg. 22,396.

5.      This action was commenced with the filing of the Summons and Complaint on May 21, 2020, within 30 days after publication of the *Final Results*.  Accordingly, this action is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A).

## STATEMENT OF FACTS

6.    On August 7, 2018, Commerce notified interested parties of the opportunity to request an administrative review of AD order on PVLT Tires from China for the POR 3.  See *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*, 83 Fed. Reg. 38,682 (August 7, 2018). On August 30, 2018, Pirelli requested an administrative review of itself.

7.    In October 2018, Commerce initiated the administrative review of Pirelli. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 83 Fed. Reg. 50,077 (October 4, 2018) ("*Initiation Notice*").

8.    In the initiation notice, Commerce stated that it would apply a policy in proceedings involving non-market economy ("NME"") countries, where it begins with a rebuttable presumption that all companies within the country are subject to government control and, thus, assigned a single antidumping duty deposit rate (i.e., NME country-wide rate) "unless an exporter can demonstrate that it is sufficiently independent so as to be entitled to a separate rate."  *Id.* at 50,078.

9.    Pursuant to Commerce's instruction in the initiation notice, on November 12, 2018, Pirelli timely submitted a separate rate application, which contains detailed information and supporting documentation regarding Pirelli's corporate structure during the POR 3, the relevant Chinese laws and regulations governing Pirelli's operation, and Pirelli's price negotiation and export sale practices, etc., to demonstrate its independence from the Chinese government, in law and in fact, with respect to exports and thus its eligibility for the separate rate status.

10.      On October 18, 2019, Commerce published in the Federal Register the preliminary results of the 2017-2018 review of the antidumping duty order on certain passenger vehicle and light truck tires from China.  See *Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review and Rescission, in Part; 2017-2018*, 84 Fed. Reg. 55,909  (October 18, 2019) ("*Preliminary Results*").  In the preliminary results, Commerce concluded that Pirelli is not eligible for the separate rate status.  *Id.* at 55,912.

11.      On December 2, 2019, Pirelli submitted a case brief in the contested proceeding, urging Commerce to reverse its preliminary decision to deny Pirelli the separate rate status.

12.      On April 15, 2020, Commerce published the final administrative review results, accompanied by the *Final IDM* containing the legal and factual analysis underlying its determination.  *See Final  Results,* 85 Fed. Reg. 22,396.  In the final results, Commerce again concluded that Pirelli does not qualify for a separate rate because "Pirelli has not demonstrated on this record that Chem China no longer retains actual or potential control and influence throughout the Pirelli companies' ownership structure (i.e., Pirelli & C. S.p.A. and Pirelli China) and management, including Pirelli China's board and management".  *Final IDM* at 17-18.

13.      As a result, Commerce assigned the China-wide entity rate of 76.46 percent to Pirelli for purposes of liquidating suspended Pirelli's entries during the period of review and collecting cash deposit moving forward.  *See Final Results,* 85 Fed. Reg. at 22,398.

## STATEMENT OF CLAIMS

14.     In the following respects, and for other reasons apparent from the administrative record of Commerce's first administrative review of the antidumping duty order on certain passenger vehicle and light truck tires from China, Commerce's decision in the *Final Results* concerning Pirelli is not supported by substantial evidence on the record and is otherwise not in accordance with law.

**Count 1:     Commerce Lacked Statutory Authority To Issue A "PRC-wide Entity" Rate In The Contested Administrative Review.**

15.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 14.

16.     Commerce's decision to calculate and impose a "PRC-wide entity" AD rate in the underlying AD administrative review is contrary to law. The relevant provisions of the antidumping statute, see 19 U.S.C. § 1673d(c), provide for only two permissible rates: (1) the weighted average dumping margin for each exporter and producer individually investigated, and (2) the estimated all others rate for all other exporters and producers not individually investigated. That is, Commerce may only issue an investigated company rate or an "all others" rate.  No other category of AD rate is allowed under the relevant statutory provisions.  As such, Commerce's decision to impose an AD rate different from an investigated company rate or "all others" rate is contrary to law.

**Count 2:**  **Commerce Failed to Properly Apply the Applicable Legal Criteria for Analyzing Separate Eligibility with regard to PTCL.**

17.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 16.

18.      Even assuming, *arguendo*, that Commerce has the statutory authority to impose a special PRC-wide AD rate at all, the imposition of that rate in the contested administrative review is unlawful because Commerce did not properly apply the legal criteria for analyzing separate rate eligibility.  Specifically, Commerce verified only one of the four legal criteria that it typically applies for determining "de facto" control; which are: 1) whether the export prices are set by, or subject to the approval of, a governmental authority; 2) whether the respondent has authority to negotiate and sign contracts and other agreements; 3) whether the respondent has autonomy from the central, provincial and local governments in making decisions regarding the selection of its management; and 4) whether the respondent retains the proceeds of its export sales and makes independent decisions regarding disposition of profits or financing of losses.  Of these legal criteria, which have been affirmed by the Court of International Trade, Commerce only looked at the third, thus failing to evaluate the other three. In not conducting a cumulative assessment, Commerce did not act in line with its prior practice neither did it provide an objective justification for doing so.

**Count 3:**   **Commerce's Conclusion That Pirelli Was Controlled by The Chinese Government Through Chem China's Ownership Is Not Supported By Substantial Evidence And Otherwise Not In Accordance With Law.**

19.     Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 18.

20.     Commerce's decision  to deny PTCL the separate rate status is not only the result of a misapplication of Commerce's own established practice but also a misunderstanding of crucial facts.  Particularly, Commerce final determination fails to consider that (i) Chem China had a minority ownership in PTCL during POR and that (ii) the majority of the members of Pirelli & C. S.p.A.'s Board of Directors are independent from Chem China/CNRC. In addition to this, Commerce final determination ignores affirmative record evidence showing that Pirelli's day-to-day management is insulated from Chinese' shareholder control.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court enter judgment as follows:

(A)     Enter judgment in favor of Plaintiffs;

(B)     Hold as unlawful Commerce's final results of the 2017-2018 administrative review that are the subject of this Complaint;

(C)     Remand this proceeding to Commerce with instructions to publish revised final results and assign a separate rate to Plaintiffs in conformity with the Court's decision; and

(D)    Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling
Tung Nguyen
Kimberly Reynolds

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
202-452-1717

Counsel for Plaintiffs

Dated:  May 21, 2020