## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., AND PIRELLI TIRE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> Defendant-Intervenor | Court No. 20-00115 |

### DEFENDANT'S MOTION TO LIFT THE STAY AND VOLUNTARILY REMAND TO THE DEPARTMENT OF COMMERCE

Pursuant to Rule 7(b) of the Rules of this Court, defendant, the United States, respectfully requests that the court enter an order remanding this matter in its entirety to the United States Department of Commerce (Commerce).

This case involves Commerce's administrative review of its antidumping order on certain passenger vehicle and light truck tires (passenger tires) from the People's Republic of China (China) covering the period of review August 1, 2017 through July 31, 2018.  In the 2017-2018 administrative review, Commerce selected Shandong New Continent (SNC) as a mandatory respondent and calculated a zero rate.  *See Certain Passenger Vehicle and Light Truck Tires*

*from the People's Republic of China*, 85 Fed. Reg. 22,396 (Dep't of Commerce April 22, 2020), and accompanying Issue and Decisions Memorandum (IDM).  This rate was assigned to companies eligible for a separate rate.  *Id.*

Recently, new information regarding SNC's invoices and reported affiliates has been discovered that "calls into question the integrity of the agency's proceeding."  *Home Prods. Int'l v. United States*, 633 F.3d 1369, 1380 (Fed. Cir. 2011).  U.S Customs and Border Protection (CBP) has been investigating imports of off-the-road tires and passenger tires from China.  CBP has provided Commerce with information that potentially calls into question the U.S. sales and affiliations reported by SNC during the 2017-2018 administrative review, which Commerce relied upon in calculating SNC's 0.00 percent rate in the final results.  Specifically, CBP has identified inaccuracies in the reported sales prices on imports of passenger vehicles and light truck tires from China during the 2017-2018 antidumping administrative review.  *See U.S Customs and Border Protection Letter Re: Passenger Vehicle and Light Truck Tires from the People's Republic of China* (May 20, 2021) (CBP Letter); Attachment A.  CBP compared the Section A questionnaire response submitted by SNC to Commerce with CBP importation records and found significant undervaluation by affiliated companies to the effect of approximately $2.6 million lower than values submitted to Commerce. *See id.*  Because of its potential relevance to subsequent segments of the proceeding, Commerce has placed the CBP Letter on the record of the ongoing administrative review of the passenger tires antidumping duty order covering the period of review August 1, 2018 through July 31, 2019.

Commerce has inherent authority to "reconsider [its] decisions on proper notice and within a reasonable time after learning of information indicating that the decision may have been

tainted by fraud." *See Ad Hoc Shrimp Trade Action Comm. v. United States*, No. 2012-1416, 2013 WL 10913181, at *2-3 (Fed. Cir. May 24, 2013) (*Ad Hoc Shrimp II*) (remanding matter to Commerce for consideration of fraud allegations and explaining that it was appropriate for Commerce to decide in the first instance whether it should revisit its final administrative review results in the circumstances present); *see also Tokyo Kikai Seisakusho Ltd. v. United States*, 529 F.3d 1352, 1361 (Fed. Cir. 2008) ("An agency's power to reconsider [a proceeding] is even more fundamental when, as here, it is exercised to protect the integrity of its own proceedings from fraud.").  Thus, when potentially new and material evidence comes to light, it is appropriate for this Court to consider a remand to the agency.  *See Home Prods. Int'l*, 633 F.3d at 1378 ("{O}ur decisions and the decisions of other courts have recognized the appropriateness of a remand to an administrative agency when new and material evidence is presented to the reviewing court and the agency requests a remand for further consideration."); *see also Ad Hoc Shrimp Trade Action Comm., v. United States*, 882 F. Supp. 2d 1377 (Ct. Int'l Trade 2013) (*Ad Hoc Shrimp I*) ("{T}he Government's request for {a remand} is based on a substantial and legitimate concern, and should therefore be granted . . . to permit the agency to consider new evidence concerning the question of whether {the respondent in the underlying administrative proceedings} provided false or incomplete information regarding its affiliate in the course of the fifth administrative review. . . .").

     Accordingly, we respectfully request that the Court enter an order remanding this case to Commerce so that Commerce may consider the information provided by CBP, further examine the issue in the context of the administrative review currently before the Court, and reopen the record to potentially solicit additional information.

Additionally, we request that the Court lift the stay currently in place. This case is currently stayed pending a final and conclusive decision in *China Manufacturers Alliance, LLC v. United States,* 357 F. Supp. 3d 1364 (2019), *appeal docketed*, No. 20-1159, 20-1210 (Fed. Cir. Nov. 18, 2019).[1]  *See* ECF No. 25, Order on Motion to Stay (Aug. 6, 2020). In light of our motion to voluntarily remand this case to Commerce, and to assist in the administration of this proceeding, we respectfully ask that the Court lift the stay to allow for Commerce to reopen the record and consider the new information.

Further, should this Court grant our motion for a voluntary remand, we respectfully propose that the Court provide 120 days from the date the order is entered for Commerce to submit its remand results to the Court.

## CONCLUSION

For these reasons, we respectfully request that the Court lift the stay and remand this case to Commerce.

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | /s/ Patricia M. McCarthy<br>PATRICIA M. MCCARTHY<br>Assistant Director |
|  | /s/ Ashley Akers<br>ASHLEY AKERS<br>Trial Attorney<br>U.S. Department of Justice |
| AYAT MUJAIS<br>Attorney<br>Office of the Chief Counsel for<br>Trade Enforcement and Compliance | Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044 |

---

[1] Although the Federal Circuit issued its precedential opinion in *China Manufacturers Alliance* on June 10, 2021, the mandate has yet to issue in that case.

| | |
|---|---|
| United States Department of Commerce | Telephone: (202) 353-0521<br>Facsimile: (202) 307-0972<br>Ashley.Akers@usdoj.gov |
| | Attorneys for Defendant |

Dated: July 20, 2021