# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Judge Jennifer Choe-Groves**

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A. AND PIRELLI TIRE LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant<br><br>and<br><br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,<br><br>Defendant Intervenor. | Court No. 20-00115 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR VOLUNTARY REMAND**

Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and Pirelli Tire LLC (collectively "*Pirelli*" or "Plaintiffs") hereby submit their response in opposition to Defendant's Motion to Lift the Stay and Voluntarily Remand to the Department of Commerce (July 20, 2021), ECF 29 ("Motion for Remand").

We hasten to add that as a formal matter Plaintiffs only oppose Defendant's request for a voluntary remand. Plaintiffs do not oppose Defendant's request to lift the

current stay. Indeed, now that the Federal Circuit has issued its mandate for <u>China Mfrs. Alliance, LLC v. United States</u>, 1 F.4th 1028 (Fed. Cir. 2021) (hereinafter "CMA court appeal"), Pirelli was in the process of preparing papers to request that this Court lift the stay and proceed with Pirelli's court appeal.

Although Pirelli agrees that the stay should be lifted, Pirelli vigorously opposes Defendant's Motion for a Voluntary remand. First, it is far from certain whether this Court has the legal authority to grant Defendant's motion for a voluntary remand, given that the stated reason for the remand request has absolutely nothing to do with Pirelli. And second, even should this Court have the legal authority to do so, this Court should decline to do so because there is really no need for the voluntary remand for deciding this action and doing so will cause harm to Pirelli's interests.

    A.    **It Is Uncertain Whether This Court Has The Legal Authority To Grant Defendant's Motion For A Voluntary Remand**

The instant court appeal was initiated by Pirelli to challenge the Department's final antidumping ("AD") determination for its third administrative review ("AR3") of the antidumping duty order on certain passenger vehicle and light truck tires ("PVLT") from the People's Republic of China ("China"). *Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 22,396 (Apr. 22, 2020) ("*Commerce PVLT Final Results*"). Immediately after initiating its court appeal, Pirelli thereafter obtained an injunction from this Court enjoining the liquidation of its AR3 entries subject to the ADD order on PVLT from China. Order (June 5, 2020), ECF 11.

It is critical for this Court to understand that, although the *Commerce PVLT Final Results* affected multiple other Chinese exporters (and U.S. importers), <u>Pirelli was the only party to initiate a court appeal</u> of *Commerce's PVLT Final Results*.  No other party appealed *Commerce's PVLT Final Results* and therefore this instant court appeal was not consolidated with any other appeal.  Moreover, this Court has not enjoined any other U.S. import entries made during the third administrative review time period, and therefore all other import entries have likely already been liquidated including the antidumping duty assessment.

These undisputed facts are critical for this Court's evaluation of Defendant's Motion for Voluntary Remand because Defendant's Motion makes clear that the reason for its request for remand has absolutely nothing to do with Pirelli.  Defendant's Motion for Remand does not make any allegations of wrongdoing by Pirelli, nor does Defendant's Motion state any desire to address Pirelli's claims during its remand.  Rather, Defendant's Motion makes clear that Defendant wants this Court to order a voluntary remand so that the Defendant can take action vis-à-vis a separate, different company that is not a party to this court appeal.  Defendant's Motion for a Voluntary Remand at 2-3.

Given these undisputed facts, it is unclear whether this Court has the legal authority to grant Defendant's Motion for a Voluntary Remand.  There is little question that, as a matter of law, this Court's final decision in this court appeal will only affect Pirelli and the import entries Pirelli made.  As a matter of law, this Court's final decision

-3-

in this court appeal will not affect any other import entries made during the third administrative review time period, except those of Pirelli.

That it is far from certain whether this Court has the legal authority to grant Defendant's Motion for Remand is further demonstrated by the utter lack of support offered by Defendant. In its Motion for Remand Defendant cites four past court decisions as purported legal support for Defendant's Motion. However, each of these cases are completely inapposite because none of them address the situation of Commerce seeking a voluntary remand in a court appeal that has nothing to do with the only party appealing. Rather, the cases cited by Defendant address Commerce wanting a voluntary remand to address alleged malfeasance by a party to the court appeal, or to address something else specific to a party to the appeal. That is, in all of the cases cited by Defendant the targeted respondents (that were the reason for Commerce's remand request) were already parties to the appeals, and already had liquidation of their entries enjoined by the court.

For example, in <u>Ad Hoc Shrimp Trade Action Committee v. United States</u>, 2013 WL 10913181 (Fed. Cir. 24, 2013); 882 F. Supp. 2d 1377 (CIT 2013), the respondent alleged of wrongdoing, Hilltop International, was participating in the appeals as a defendant-intervenor to defend its low AD margin and therefore its import entries had been suspended by an injunction obtained by the petitioner. The court granted Commerce's motion to reexamine Hilltop International. Likewise, in <u>Home Products International v. United States,</u> 633 F.3d 1369, 1380 (Fed. Cir. 2011), the respondent alleged of wrongdoing, Since Hardware (Guangzhou), was participating in the appeal as a

defendant-intervenor to defend its *de minimis* AD margin and therefore its import entries had been suspended by an injunction obtained by the petitioner. The court granted Commerce's motion to reexamine Since Hardware (Guangzhou).

Such precedent is therefore quite distinguishable from the instant action, which is limited to Pirelli challenging Commerce's refusing to grant Pirelli separate rate status. *See* Complaint at paras. 15-20. Given that Defendant's Motion for Voluntary Remand has nothing to do with Pirelli, but rather a separate different company for which import entries made during the third administrative review period have already been liquidated, it is far from certain that this Court has the legal authority to grant Defendant's Motion for Voluntary Remand.

**B.   Even Should This Court Have The Legal Authority To Grant A Voluntary Remand, It Should Decline To Do So**

Even if this Court may have the legal authority to grant Defendant's Motion for Voluntary Remand, it should decline to do so because (a) such remand is not necessary for Defendant to achieve its objective and (b) such remand would harm Pirelli's interests.

First and foremost, Defendant's Motion for Voluntary Remand conveys the impression that a remand of this court appeal is the only way for Defendant to combat the alleged malfeasance of another company. However, such impression is just not true. Rather, in the past, Commerce has addressed alleged malfeasance through a "changed circumstances review."

A changed circumstances review is expressly authorized by the underlying statute. Specifically, 19 U.S.C. §1675(b) explicitly authorizes Commerce to undertake a "review based on changed circumstances"

> {w}henever the administering authority or the Commission receives information concerning .. an antidumping duty order . .. which shows changed circumstances sufficient to warrant a review of such {AD} determination.

19 U.S.C. §1675(b)(1)(A). Moreover, Commerce has a special regulation devoted to the conduct of changed circumstances reviews pursuant to this statutory provision. See 19 C.F.R. §351.216.

Finally, Commerce has used this very changed circumstances review in the past to address alleged malfeasance by a producer-exporter subject to an antidumping duty order, and such mechanism was upheld by the Court of Appeals for the Federal Circuit. See Tokyo Kikai Seisakusho Ltd. v. United States, 529 F.3d 1352, 1357-58 (Fed. Cir. 2008).

Given that Commerce has a suitable mechanism to address alleged malfeasance by a producer-exporter subject to an antidumping order, there is no reason to disrupt Pirelli's prosecution of its court appeal. Pirelli wants to make very clear that it fully wants to prosecute its court appeal challenging Commerce's decision to deny Pirelli separate rate status. Pirelli sought a temporary stay pending conclusion of the CMA court appeal because that specific court appeal addressed one of the very same legal arguments that Pirelli had made and was one in which the Federal Circuit's decision might have dictated the result in Pirelli's case. Now that the CMA court appeal has concluded with a Federal Circuit decision that does not dictate the result for all of Pirelli's arguments, Pirelli wants

to continue to prosecute its appeal so that it can demonstrate that Commerce's decision to deny Pirelli separate rate status was not supported by substantial evidence.

Given Pirelli's strong interest in prosecuting its court appeal, granting Defendant's Motion for Voluntary Remand would harm Pirelli's interest in obtaining a speedy resolution of its court appeal  Defendant has not offered any timeline for how long its remand would take.  And given the complicated nature of the underlying allegations against the Chinese producer-exporter and the fact that the other Chinese producer-exporter will fight the allegations, any remand proceeding to resolve these allegations could well take a substantial amount of time. It is simply unfair to force Pirelli to endure such a long delay in Pirelli's prosecution of its court appeal; particularly when Commerce has a viable alternative mechanism that would not harm Pirelli's interests.

For all of these reasons, this Court should deny Pirelli's Motion for Remand.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
Ana Amador

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
202-452-1717

Counsel for Pirelli

Dated:  August 9, 2021

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A. AND PIRELLI TIRE LLC,<br>　　　　Plaintiffs,<br>　　　　　　v.<br>UNITED STATES,<br>　　　　Defendant<br>　　and<br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,<br>　　　　Defendant Intervenor. | Court No. 20-00115 |

## PROPOSED ORDER

Upon consideration of Plaintiffs' Defendant's Motion to Lift the Stay and Voluntarily Remand, and all other papers, it is hereby

**ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

**ORDERED** that the current stay is lifted and these proceedings can continue.

**ORDERED** that the Defendant's Motion for Remand is **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Jennifer Choe-Groves, Judge

Dated:_____
New York, New York