UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., AND PIRELLI TIRE LLC,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>UNITED STATES,<br><br>    *Defendant,*<br><br>    and<br><br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC<br><br>    *Defendant-Intervenor* | Court No. 20-00115 |

**DEFENDANT-INTERVENOR'S RESPONSE TO MOTION TO LIFT THE STAY AND FOR VOLUNTARILY REMAND**

  On behalf of Defendant-Intervenor, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW"), we hereby submit comments in support of Defendant's July 20, 2021 motion to lift the stay in this case and for voluntary remand of the antidumping determination to the Department of Commerce ("Commerce"). ECF 29.

  As explained by Defendant in its motion, new information regarding possible fraud committed by a mandatory respondent in the antidumping review at issue in this case has recently come to light, discovered by U.S. Customs and Border Patrol and shared with Commerce. *See* ECF 29 at 2 and Attachment 1. That revelation calls into question not only the

zero percent margin that Commerce calculated for that respondent in the review, but also the zero percent separate rate that was based solely on that calculated rate. That is the separate rate that Plaintiff is seeking to have applied to it through this action. *See Certain Passenger Vehicle and Light Truck Tires From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 22396, 22397 (Dep't Commerce April 22, 2020); *Complaint*, ECF 6, at 7.

This Court and the Federal Circuit have both repeatedly explained that it is generally proper to grant a voluntary remand when requested by Commerce to allow the agency to correct issues in its determinations for the courts to review. This Court should follow that precedent and grant the requested remand in this situation for the same reasons.

Commerce's authority to reopen a review is not in question. As the Federal Circuit has explained,

> {t}he power to reconsider is inherent in the power to decide. For this reason, the courts have uniformly concluded that administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so.

*Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008) (citation omitted). The limitations the Federal Circuit recognized are not implicated when Commerce properly seeks to review its own determinations. *See id.*, 529 F.3d at 1361 ("no statute prohibited Commerce's review, nor were there procedures specified in any applicable statutory provision that Commerce failed to follow.").

Moreover, "{a}n agency's power to reconsider is even more fundamental when, as here, it is exercised to protect the integrity of its own proceedings from fraud." *Id.* In such as case,

> Commerce possesses inherent authority to protect the integrity of its yearly administrative review decisions, and to reconsider such

>     decisions on proper notice and within a reasonable time after
>     learning of information indicating that the decision may have been
>     tainted by fraud.

*Id.*, 529 F.3d at 1361-62.

Further, Commerce's fundamental authority to reopen and protect its determinations from fraud "is not limited to cases in which a determination of fraud has been made," as "Commerce has inherent authority to reopen a case to consider new evidence that its proceedings were tainted by fraud." *Home Prod. Int'l, Inc. v. United States*, 633 F.3d 1369, 1377 (Fed. Cir. 2011). Commerce's consideration of the possibility of fraud is also not limited to evidence on the record as it was at the time of Commerce's determination, but also "where new evidence of material fraud has been brought to light which calls into question the integrity of the agency's proceedings." *Id.*, 633 F.3d at 1380; *see also Ad Hoc Shrimp Trade Action Comm. v. United States,* 37 CIT 67, 70, 882 F.Supp.2d 1377, 1381 (2013) (explaining that it is proper to grant remand in such cases as "this request for remand may appropriately be characterized as based on intervening events.") ("*AHSTAC*").

The Federal Circuit has also explained that "a remand is usually appropriate" when voluntarily sought by Commerce unless "the agency's request is frivolous or in bad faith." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001); *see also Timken Co. v. United States*, 38 CIT ___, ___, Slip Op. 14–51 at *5, 2014 WL 1760033 (May 2, 2014) ("Generally, a request for a voluntary remand due to substantial and legitimate agency concerns should be granted."). A voluntary remand request is not made in bad faith "if the agency's concern is substantial and legitimate…." *SKF USA*, 254 F.3d at 1029.

This Court has set out that "Commerce's concerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need

3

for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Indus. (Zhongshan) Co. v. United States*, 37 CIT 1123, 1127, 925 F.Supp.2d 1332, 1338-39 (2013); *see also AHSTAC*, 37 CIT at 67, 882 F.Supp.2d at 1381 (setting out the same three-part test); *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States,* 29 CIT 1516, 1522–26, 412 F.Supp.2d 1330, 1336–39 (2005) (same). "Clarifying and correcting a potentially inaccurate determination is a compelling justification." *Baroque Timber Indus. (Zhongshan)*, 37 CIT at 1127, 925 F.Supp.2d at 1339. A compelling justification is also given where "{Commerce} has been presented with information sufficient to persuade the agency that its determinations in the administrative review at issue may have been based on information that was false or incomplete and that further inquiry and reconsideration is therefore warranted." *AHSTAC*, 37 CIT at 71, 882 F.Supp.2d at 1381. Here, the same justification has been identified: Commerce's final determination in the review under review may have been based on fraudulent information. That justification impacts directly Plaintiff's challenge here as it calls into question the separate rate that Plaintiff is seeking.

And "{i}n the context of a routine appeal of a final determination, the need to accurately calculate margins is not outweighed by the interest in finality." *Baroque Timber Indus. (Zhongshan)*, 37 CIT at 1127, 925 F.Supp.2d at 1339. "In addition, the scope of Commerce's remand request—to clarify the record evidence and revise the determination if warranted—is an appropriate response to Commerce's concern." *Id.* Thus, all three prongs of the test this Court has applied to determine the appropriateness of a voluntary remand strongly support granting that motion here.

Importantly, the Federal Circuit has explicitly explained that Commerce is not required to undertake a changed circumstances review in order to reconsider a final determination. That argument was "relie{d} heavily on" to challenge Commerce's reopening of the determination in *Tokyo Kikai Seisakusho* and was soundly rejected by the Federal Circuit. The court explained that Commerce's authority to conduct changed circumstances reviews

> is different from the situation at issue here—i.e., when the circumstances that led to the determination have "changed" only because the true circumstances, previously concealed by fraud, have come to light. Thus, Commerce's focus was not on "changed circumstances" in the sense of {19 U.S.C.} § 1675(b)(1). Instead, Commerce's reconsideration was just that—a reopening and reconsideration of its previously-conducted yearly administrative reviews based on newly revealed information of {a respondent's} fraudulent conduct, which raised questions about the integrity of the original proceedings.
>
> **This Commerce had a right to do…. The power to reconsider is inherent in the power to decide.**

*Tokyo Kikai Seisakusho*, 529 F.3d at 1360 (emphasis added); *see also Elkem Metals Co. v. United States,* 26 CIT 234, 241, 193 F.Supp.2d 1314, 1322 (2002) (upholding the International Trade Commission's reconsideration of a final injury determination on evidence of fraud "by suspending the changed circumstances reviews, and initiating the Reconsideration Proceedings."). Indeed, the Federal Circuit in *Tokyo Kikai Seisakusho* declined to examine whether Commerce's actions were consistent with the statutory requirements for changed circumstances reviews, as even though

> Commerce labeled its proceeding as a "changed circumstances review," its actions, as discussed supra, are not properly characterized as such…. Instead, the trial court correctly ruled that Commerce, under the circumstances presented, acted within its inherent authority to protect the integrity of its proceedings from fraud.

*Tokyo Kikai Seisakusho*, 529 F.3d at Commerce 1362. Thus, Commerce need act on no authority other than its own inherent authority to reexamine a determination for allegations of fraud, and need not conduct a changed circumstance review or rely on the statutory provisions governing those reviews to do so.

As the Federal Circuit explained in *Home Products*, the same principles "govern when fraud is discovered while the agency proceeding is on appeal." *Home Prod.*, 633 F.3d at 1377. The only difference is procedural, as "Commerce may not reopen a case while it is on appeal until the case has been remanded by the Trade Court." *Id.*

> However, when a case is on appeal, our decisions and the decisions of other courts have recognized the appropriateness of a remand to an administrative agency when new and material evidence is presented to the reviewing court and the agency requests a remand for further consideration.

*Id.*, 633 F.3d at 1377-78.

Here, Defendant has requested that the Court lift the current stay and grant voluntary remand so that Commerce may investigate fraud on the agency in the underlying review. As the Federal Circuit and this Court have repeatedly recognized, circumstances would have to be unusual indeed to refuse such a request and block an agency from exercising its inherent right to protect its proceedings from fraud. No such extraordinary circumstances exist here. As held by the Federal Circuit in *Tokyo Kikai Seisakusho*, Commerce need not conduct a changed circumstances review, as it possesses the widely recognized inherent authority to reopen its determination in this situation. Therefore, Commerce will not need to conduct a changed circumstances review once remand is granted, but will instead be able to directly address its concerns.

Additionally, the questions Commerce seeks remand to address will impact the outcome of this case, as Commerce's examination of fraud will likely, in turn, affect the separate rate Pirelli is seeking through its claims here. By reopening the review, Commerce will be able to collect information from all relevant parties and make a determination on the issue that is supported by substantial evidence. Preventing Commerce from doing so in a timely manner would serve no legitimate purpose, but will only seriously impede Commerce's ability to address fraud on the agency as quickly as possible and to minimize any damage, including damage to the revenues of the United States, occurring as entries are liquidated and new entries are made at what may be fraudulently-obtained rates.

Thus, precedent and reason strongly supports this Court granting the motion for voluntary remand the determination to the agency and allow the evidence of fraud to be thoroughly investigated and addressed. Defendant-Intervenor, therefore, also requests that this honorable Court lift the stay in this case and grant Defendant's motion for voluntary remand.

As a final note, this Court granted the stay in this case based on Plaintiff's motion to stay pending the outcome of the Federal Circuit appeal in *China Manufacturers Alliance, LLC v. United States*. *See* ECF 25 (stay), ECF 24 (Plaintiff's motion). The Federal Circuit has made that decision, as it roundly rejected the claim – also advanced by Plaintiff here – that Commerce lacks authority to apply a single, NME-wide rate. *China Manufacturers Alliance, LLC v. United States*, ____ F.3d ___, Fed. Cir. Ct. No. 2020-1159 (Fed. Cir. June 10, 2021); *cf. Complaint*, ECF 6, at 5 (Count 1). As the plaintiff in that case has informed this Court that it will not seek an

appeal of the Federal Circuit's decision,[1] there is no longer any reason to continue the stay in this case.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | /s/ Nicholas J. Birch____ |
|  | Roger B. Schagrin |
|  | Geert De Prest |
|  | Nicholas J. Birch |
|  |  |
|  | SCHAGRIN ASSOCIATES |
|  | 900 Seventh Street, N.W. |
|  | Suite 500 |
|  | Washington, D.C.  20001 |
|  | *Counsel for USW* |
| Dated: August 9, 2021. |  |

---

[1] While the plaintiff in that case continues to challenge Commerce's decision on the facts there, the different facts between that case and this do not provide a reason to stay this case. Plaintiff's motion to stay here was predicated on its claim of "substantially similar legal issues," not factual ones. ECF 23 at 4-5.