UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., AND PIRELLI TIRE LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>and<br><br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC<br><br>*Defendant-Intervenor.* | Court No. 20-00115 |

## DEFENDANT-INTERVENOR'S OPPOSITION TO SHANDONG NEW CONTINENT'S MOTION TO INTERVENE

On behalf of Defendant-Intervenor, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW"), we hereby oppose the motion for intervention made by Shandong New Continent Tire Co., Ltd. ("SNC"), ECF 31. For the reasons explained below, we respectfully request that this Court deny SNC's motion as lacking good cause. We attach a proposed order to these comments.

SNC moves to intervene out of time under the "good cause" standard set forth in Rule 24(a)(3) of this Court, as SNC's motion comes well over a year after the deadline for timely intervention. ECF 31 at 2-3. SNC claims that its motion falls under the purview of Rule

24(a)(3)(ii) ("circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period"). ECF 31 at 3. Specifically, SNC claims that as "SNC's AR3 ADD margin did not become an issue in this appeal until Defendant filed its Motion for Remand on July 20, 2021," SNC could not have foreseen the need to participate in this case. ECF 31 at 3.

As a first point, Rule 24(a)(3)(ii) does not cover SNC's situation, even as SNC has characterized it. Rule 24(a)(3)(ii) requires that the motion "*could* not have been made" in time, not simply that it did not seem prudent or necessary to make the motion at the time. SNC makes no claim that it was not possible for it to have moved to intervene in this case by the applicable deadline had it wished to at that time. It only argues that it did not find such a step possibly advantageous previously. *Cf. Nucor Corp. v. United States*, 190 F. Supp. 3d 1215, 1217 (Ct. Int'l Trade 2016) (rejecting a movant's claim of an inability to have sought intervention even with due diligence when it failed to explain how the situation actually prevented the movant from making the motion in time). This Court has in the past rejected arguments that some change in the situation around a case in itself effectively re-opens the litigation for the intervention of parties who previously believed they lacked purpose to involve themselves in the case. *See, e.g.*, *GPX Int'l Tire Corp. v. United States*, 33 CIT 114, 115-16 (2009) (rejecting a motion by the Government of China to intervene in appeals from a pair of Commerce determinations where it did not seek intervention until after it learned that the plaintiffs did not have the financial means to pursue the appeal). SNC's claim of only recently discovering that its actions during the review may yet be further scrutinized by Commerce would at most be a "surprise," to be addressed under the "excusable neglect" criteria found in subsection (i), not the criteria of subsection (ii), of Rule 24(a)(3).

In either case, "{t}he language of the Rule expresses a clear mandatory standard that the court may waive the 30–day limit only if good cause is shown." *Siam Food Prods. Pub. Co. v. United States*, 24 F.Supp.2d 276, 278 (CIT 1998). "Good cause" applies to all situations under Rule 24(a)(3): "Rule 24 itself sets a specific time limit which may only be waived for good cause, and the criteria under which a court may find good cause are" enumerated in subparagraphs (i) and (ii). *Id.*, 24 F.Supp.2d at 278-79; *see also Changzhou Hawd Flooring Co. v. United States*, 986 F. Supp. 2d 1372, 1379 (Ct. Int'l Trade 2014) ("the Supreme Court's reasoning suggests that this analysis {for excusable neglect} can and should apply to mistake, surprise, and inadvertence as well").

In order to address whether there is good cause to excuse an untimely motion for intervention under Rule 24(a)(3), this Court "considers 'all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the {non-movant}, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *GPX Int'l*, 33 CIT at 115 (quoting *Siam Food*, 24 F.Supp.2d at 279). "{G}ood cause {is}, 'at bottom,' an equitable determination that takes into account 'all relevant circumstances surrounding the party's omission." *Changzhou Hawd Flooring*, 986 F. Supp. 2d at 1379 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Thus, in determining whether good cause for untimely intervention exists, this Court has looked to the balance of prejudice that intervention would cause to the existing parties and the moving party. *See, e.g., id.*, 986 F. Supp. 2d at 1379 (citing cases where equitable balancing was applied). While the Court has held that the prejudice to existing parties is typically not large when a new party is added to a case, it has recognized that there is at least some level of

prejudice to the existing parties in having to deal with a new party. *See, e.g.*, *GPX Int'l*, 33 CIT at 116 ("It is likely some prejudice would result from granting the movant's request to intervene…."); *Siam Food*, 24 F.Supp.2d at 280 (finding "minimal delay and prejudice to the existing parties" but still denying the motion for intervention); *but see Habas Sinai Ve Tibbi Gazlar Istihsal Endustrisi A.S. v. United States*, 30 CIT 542, 547 (2006) (asserting that the addition of a party can never constitute prejudice under Rule 24).[1]

This Court has also explained that there is good reason behind Rule 24's requirement that good cause be shown for untimely intervention, even when the prejudice to the existing parties is not substantial:

> If the court were to allow intervention in a case with such a broad and unexplained excuse, it would permit parties to ignore the time limits of Rule 24, so long as they file early enough to continue the action without too much prejudice to the opposing parties. Such a decision would render the actual time limit superfluous. Under such a scenario, existing parties and the court might not know when to expect intervention, the proceedings on the merits could be interrupted and/or delayed by motions to intervene, and extra adjudication could be routinely required for parties who choose to file late. The court assumes the 30–day limit added in 1993 was intended to avoid this result. The time limit cannot be so easily avoided, even if some prejudice to the late filer results from denial of the motion.

*Siam Food*, 24 F.Supp.2d at 281; *see also GPX Int'l*, 33 CIT at 116 ("allowing such a broad excuse would enable almost any party to delay intervention upon a similar showing, thus rendering 'the actual time limit {of Rule 24} superfluous'") (quoting *Siam Food*, 24F.Supp.2d at 282). Put differently,

---

[1] As Rule 24 only allows untimely intervention in limited circumstances, the rule seems clear in its intent to protect the existing parties from the burden of having new parties appear at any time except where the benefit of that protection is outweighed by another good cause, this dicta statement in *Habas Sinai* seems incorrect in its view of Rule 24, particularly given multiple other cases that have recognized some prejudice to the existing parties.

4

> The court concedes that the prejudice to the other parties appears to be minimal, and there appears to be no evidence of bad faith…. Nonetheless, parties cannot ignore the time limits of USCIT Rule 24 with such a broad and unexplained excuse. To allow a movant to do so would effectively permit it to ignore the time limit so long as there is minimal prejudice to opposing parties without any basis in the rule for doing so. *See* USCIT R. 24(a). Moreover, such a decision would render the actual time limit superfluous, and late motions to intervene could require frequent extra adjudication for parties who choose to file late or otherwise fail to take note of the deadline for doing so. The language of the 30–day time limit indicates that the Court intended to avoid such circumstances except for specific types of excuses.

*Nucor Corp. v. United States*, 190 F. Supp. 3d 1217-18. "The court has previously held that a delay of as little as 30 days past the filing deadline warranted denial of an untimely motion to intervene as of right." *Home Prod. Int'l, Inc. v. United States,* 31 C.I.T. 1706, 1708 (2007) (*citing to Siam Food*).

    SNC's untimely motion lacks good cause, because the balance of prejudices here weighs against SNC. The only reason SNC has offered for belatedly seeking to become a party to this proceeding is its claim that otherwise it would be "severely prejudiced" in its ability to participate in the voluntary remand that has been requested by Commerce. According to SNC, short of intervention, it does not know how else it would receive notice of any remand and the opportunity to participate. ECF 31 at 3. As the Court is aware, Commerce has requested a voluntary remand to allow it to reopen the annual review determination being challenged in this case so that it can address new evidence that has arisen that the determination was tainted by fraudulent information submitted by SNC in the review. ECF 29.

    SNC's claimed motivation for intervening is not credible. First, SNC could discover any action taken by this Court in regards to the motion for voluntary remand through simple monitoring of the Court's electronic records systems. SNC is evidently already doing so: it had

5

no problem in discovering that a motion for voluntary remand had been made in this case and taking action in response, despite so far not being a party to this proceeding.

Further, SNC does not explain why it believes it may not have an opportunity to participate in any reopening of the review at Commerce. Commerce's practice is to allow all parties to participate in a reopened determination. *See, e.g.*, *Husteel Co. v. United States Steel Corp.*, 180 F. Supp. 3d 1330, 1340 (Ct. Int'l Trade 2016), *aff'd sub nom. Husteel Co. v. United States*, 710 F. App'x 890 (Fed. Cir. 2018) (upholding "Commerce's decision to reopen the record and permit all parties to comment" during a remand); *Fed.-Mogul Corp. v. United States*, 834 F. Supp. 1391, 1399 (Ct. Int'l Trade 1993), *rev'd on other grounds*, 63 F.3d 1572 (Fed. Cir. 1995), ("all parties have the right to submit comments and propose methodologies to the ITA in situations, such as here, where the Court has remanded an issue for the ITA's reconsideration.").

More problematic for SNC, even if it were allowed to become a party in this case and participate in a reopening of the review determination at Commerce, SNC will not be able to raise any challenges to Commerce's revised determination in this appeal. "{A}n intervenor is not permitted to raise its own challenges to the final determination at issue. The scope of any litigation is confined to the issues raised in the plaintiff's complaint. An intervenor must take a case as it lies." *Zhaoqing Tifo New Fibre Co. v. United States*, 256 F. Supp. 3d 1314, 1327 (Ct. Int'l Trade 2017). The complaint here made no challenges to Commerce's treatment of SNC or the calculation of its rate. *See* ECF 6. Thus, SNC cannot introduce any of those issues here, now or after any remand to the agency.

Provided it participates in the re-opened Commerce proceeding, SNC will be allowed to bring its own challenges under 19 U.S.C. § 1581(c) to any reconsideration proceeding that Commerce undertakes. *See Consol. Fibers, Inc. v. United States*, 30 CIT 1820, 1824 (2006)

("Had the Commission commenced a reconsideration proceeding, then the resulting reconsideration determination would have been reviewable under 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. § 1516a(a)(2)(B)(i) or § 1516a(a)(2)(B)(ii)," and citations therein).

In other words, intervention in this appeal provides SNC with no options to make any claims other than those related to Commerce's treatment of Pirelli's separate rate eligibility claim, a matter SNC has shown no interest in at any time. Even after remand and redetermination by the agency, SNC will have no opportunity *in this proceeding* to make any challenge to Commerce's review of SNC's actions. Instead, SNC will only be able to bring its own § 1581(c) challenge to any action Commerce takes in the reopening of this review as a separate proceeding. SNC gains no legitimate benefit, other than perhaps avoiding the small effort needed to discover if Commerce reopens the review, by intervening in this proceeding.

SNC's true motives for intervention here are easily discernible however. Rather than simply seeking intervenor status for notification purposes, SNC has further asked the Court to accept its opposition to Defendant's motion for voluntary remand. ECF at 1 and attachment. Thus, SNC seeks not only to receive notice of any developments in this case but also to use this case in an attempt to delay if not thwart Commerce's ability to address the evidence of SNC's fraud. Given that is how SNC has started its attempt to inject itself in this case, there is little doubt that, if allowed to continue, SNC will only use its position to further try to entangle this case with matters that are not at issue in this proceeding, forcing the parties to respond to those issues in addition to those that have actually been properly and timely raised before the Court in this proceeding.

As this Court has recognized in multiple cases, the question of good cause is one of a balance of prejudices. Here, the only possibly legitimate prejudice SNC can actually claim is one

it can overcome with a minimum of effort in monitoring filings in this case, as action it is already taking. Existing parties, however, will be forced to respond to a party that only has an interest in outside issues and that has shown that it is willing to use this case as to interfere with how those outside issues proceed. The loss of an opportunity to use a case for purposes foreign to the matters properly before the Court is not the type of prejudice that should be considered in the balance of equities under Rule 24. Therefore, Defendant-Intervenor respectfully asks this Court to find that there is no good cause to allow SNC to intervene at this stage of this proceeding.

Respectfully Submitted,
/s/ Nicholas J. Birch____
Roger B. Schagrin
Geert De Prest
Nicholas J. Birch

SCHAGRIN ASSOCIATES
900 Seventh Street, N.W.
Suite 500
Washington, D.C. 20001
*Counsel for Defendant-Intervenor*

Dated: August 11, 2021.

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., AND PIRELLI TIRE LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>and<br><br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC<br><br>*Defendant-Intervenor.* | Court No. 20-00115 |

# ORDER

Upon consideration of the Motion to Intervene as Plaintiff-Intervenor filed by Shandong New Continent Tire Co., Ltd. ("SNC"), all responses to, and upon consideration of all other papers and proceedings herein, it is hereby

**ORDERED** that the motion for intervention is **DENIED**; and it is further

**ORDERED** that SNC's motion to respond to Defendant's Motion to Lift the Stay and Voluntarily Remand is likewise **DENIED**.

_____
HON. JENNIFER CHOE-GROVES, JUDGE

Dated: _____, 2021
        New York, New York