Slip Op. 21-122

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., and PIRELLI TIRE LLC, | |
|      Plaintiffs, | |
| v. | |
| UNITED STATES, | |
|      Defendant, | Before: Jennifer Choe-Groves, Judge |
| and | Court No. 20-00115 |
| THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, | |
|      Defendant-Intervenor. | |

## <u>OPINION AND ORDER</u>

[Granting Defendant's Motion to Lift the Stay and Voluntarily Remand to the Department of Commerce and granting the Partial Consent Motion to Intervene as of Right as Plaintiff-Intervenor and Respond to Defendant's Motion to Lift the Stay and Voluntarily Remand to the Department of Commerce.]

Dated: September 20, 2021

Daniel L. Porter and Ana Amador, Curtis Mallet-Prevost, Colt & Mosle LLP, of

Washington, D.C., for Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and
Pirelli Tire LLC.

Ashley Akers, Trial Attorney, and Patricia M. McCarthy, Assistant Director,
Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of
Washington, D.C., for Defendant United States.  With them on the brief were
Brian M. Boynton, Acting Assistant Attorney General, and Jeanne E. Davidson,
Director.  Of counsel on the brief was Ayat Mujais, Attorney, Office of the Chief
Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Roger B. Schagrin, Geert De Prest, and Nicholas J. Birch, Schagrin Associates, of
Washington, D.C., for Defendant-Intervenor the United Steel, Paper and Forestry,
Rubber, Manufacturing, Energy, Allied Industrial and Service Workers
International Union, AFL-CIO, CLC.

        Choe-Groves, Judge:  This action concerns the results of the U.S.

Department of Commerce ("Commerce") in the antidumping administrative review

of certain passenger vehicle and light truck tires from the People's Republic of

China ("China") for the period of August 1, 2017 through July 31, 2018.  Compl.

at 1, ECF No. 6.  Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and Pirelli

Tire LLC (collectively, "Plaintiffs" or "Pirelli") filed this action pursuant to 28

U.S.C. § 1581(c) contesting Commerce's final results in Certain Passenger Vehicle

and Light Truck Tires from the People's Republic of China ("Final Results"), 85

Fed. Reg. 22,396 (Dep't of Commerce Apr. 22, 2020) (final results of antidumping

duty admin. review; 2017–2018).  See id.  Plaintiffs bring this suit to challenge

(1) whether Commerce had statutory authority to issue a China-wide entity rate,

(2) whether Commerce properly applied the applicable legal criteria for analyzing

Plaintiffs' separate rate eligibility, and (3) Commerce's conclusion that Plaintiffs were controlled by the Chinese government through Chem China's ownership. See id. at 5–7.

Defendant United States ("Defendant") filed Defendant's Motion to Lift the Stay and Voluntarily Remand to the Department of Commerce, ECF No. 29 ("Defendant's Motion" or "Def.'s Mot."). Defendant-Intervenor United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("Defendant-Intervenor") supports Defendant's request to lift the stay and remand. Def.-Interv.'s Resp. Mot. Lift Stay & Voluntarily Remand at 1, ECF No. 35 ("Def.-Interv.'s Resp."). Plaintiffs support Defendant's request to lift the stay and oppose Defendant's request for remand. Pls.' Opp'n Def.'s Mot. Voluntary Remand at 1–2, ECF No. 30 ("Pls.' Resp."). Shandong New Continent Tire Co., Ltd. ("SNC") filed a Partial Consent Motion to Intervene as of Right as Plaintiff-Intervenor and Respond to Defendant's Motion to Lift the Stay and Voluntarily Remand to the Department of Commerce, ECF No. 31 ("Motion to Intervene" and "Mot. Intervene"). Plaintiffs consent to SNC's Motion to Intervene. Mot. Intervene at 3. Defendant-Intervenor opposes SNC's Motion to Intervene. Def.-Interv.'s Opp'n Shandong New Continent's Mot. Intervene at 1, ECF No. 36 ("Def.-Interv.'s Opp'n Mot. Intervene"). For the

following reasons, the Court grants Defendant's Motion and grants SNC's Motion to Intervene.

## BACKGROUND

Plaintiffs filed their complaint on May 21, 2020. Before dispositive motions were filed, Plaintiffs filed an Unopposed Motion to Stay Proceedings, ECF No. 23 ("Motion to Stay"), on July 27, 2020. Defendant consented to Plaintiffs' request to stay the proceedings until a final decision was rendered in the appeal of China Manufacturers Alliance, LLC v. United States ("China Manufacturers"), 43 CIT __, 357 F. Supp. 3d 1364 (2019). This Court granted the Motion to Stay on August 6, 2020. See Order, ECF No. 25. The U.S. Court of Appeals for the Federal Circuit issued a decision on June 10, 2021 reversing and remanding China Manufacturers. See China Mfrs. All., LLC v. United States, 1 F.4th 1028 (Fed. Cir. 2021). A mandate was issued on August 2, 2021, after which Defendant filed its motion requesting that the Court lift the stay.

## JURISDICTION

The Court has jurisdiction under 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final results of an administrative review of an antidumping duty order.

## DISCUSSION

### I.        Lifting the Stay of Proceedings

Defendant's Motion seeks to lift the stay in this action.  <u>See</u> Def.'s Mot. at 4;
<u>see also</u> Order, ECF No. 25.  Plaintiffs and Defendant-Intervenor do not oppose
lifting the stay.  <u>See</u> Pls.' Resp. at 1–2; Def.-Interv.'s Resp. at 7–8.

In light of the U.S. Court of Appeals for the Federal Circuit's decision and
mandate in <u>China Manufacturers Alliance, LLC v. United States</u>, 1 F.4th 1028
(Fed. Cir. 2021), this Court concludes that the stay ordered in Order, ECF No. 25,
is no longer necessary.  The Court grants Defendant's Motion and lifts the stay in
this action.

### II.        Defendant's Request for Remand

Defendant's Motion also seeks a remand to consider new information
regarding SNC's invoices allegedly showing inaccuracies in SNC's reported sales
prices on imports of passenger vehicles and light truck tires from China during the
period of review and significant undervaluation by affiliated companies.  Def.'s
Mot. at 1–2.  Defendant explains in its motion that SNC was the sole mandatory
respondent and received a calculated zero rate, which served as the basis for the
rate assigned to companies eligible for a separate rate.  <u>Id.</u>  Plaintiffs oppose
Defendant's Motion, arguing that SNC's calculated rate is irrelevant and "the
remand request has absolutely nothing to do with Pirelli."  Pls.' Resp. at 2.

Defendant-Intervenor consents to Defendant's Motion.  See Def.-Interv.'s Resp. at
1.

The Court has considerable discretion in deciding whether to grant a request
by the Government for remand.  See SKF USA, Inc. v. United States, 254 F.3d
1022, 1029 (Fed. Cir. 2001); Home Prods. Int'l, Inc. v. United States, 633 F.3d
1369, 1378 (Fed. Cir. 2011).  If the agency's concern is substantial and legitimate,
a remand may be appropriate.  SKF, 254 F.3d at 1029.  This Court has concluded
that an agency's concern is substantial and legitimate if: (1) the agency has
provided a compelling justification for its remand request, (2) the need for finality
does not outweigh the agency's justification, and (3) the scope of the remand
request is appropriate.  See, e.g., Sea Shepherd N.Z. v. United States, 44 CIT __,
__, 469 F. Supp. 3d 1330, 1335–36 (2020) (quoting Shakeproof Assembly
Components Div. of Ill. Tool Works, Inc. v. United States, 29 CIT 1516, 1522–26,
412 F. Supp. 3d 1330, 1336–39 (2005)).

Remand is warranted when Commerce establishes an interest in protecting
the integrity of its proceedings, particularly when the agency's determination may
have been tainted by fraud.  See Tokyo Kikai Seisakusho, Ltd. v. United States,
529 F.3d 1352, 1361–62 (Fed. Cir. 2008).  An agency "possesses inherent
authority to protect the integrity of its yearly administrative review decisions, and
to reconsider such decisions on proper notice and within a reasonable time after

learning of information indicating that the decision may have been tainted by

fraud." Id.; see also Ad Hoc Shrimp Trade Action Comm. v. United States, 37 CIT

67, 71, 882 F. Supp. 2d 1337, 1381 (2013) (stating that the need for finality does

not outweigh a justification seeking to protect an administrative proceeding from

fraud or material inaccuracy).  Commerce may not reopen an administrative

proceeding while an appeal is pending before this Court until the case has been

remanded.  See Home Prods. Int'l, 633 F.3d at 1377.  The U.S. Court of Appeals

for the Federal Circuit has held that it was an abuse of discretion to decline to

remand a case to allow Commerce to consider reopening proceedings when

presented with clear and convincing evidence of fraud, particularly in light of

Commerce's inability to reopen a proceeding while an appeal is pending and

Commerce's inherent authority to reopen a case to consider new evidence that its

proceedings were tainted by fraud.  See id.

Defendant seeks a remand based on new information that U.S. Customs and

Border Protection provided to Commerce, including inaccuracies in the reported

sales prices on imports of passenger vehicles and light truck tires from China

during the 2017–2018 period of review, and potential fraud based on significant

undervaluation by affiliated companies of approximately $2.6 million lower than

values submitted to Commerce.  See Def.'s Mot. at 2.  The Court notes that while

this action is pending, Commerce is unable to reopen the administrative

proceedings to consider evidence of inaccuracies and potential fraud absent a

remand order from the Court.  Because Defendant's remand request is based on

alleged inaccuracies and potential fraud, and the Government has a substantial and

legitimate interest in protecting the integrity of its proceedings from fraud, the

Court concludes that Defendant has provided a compelling justification for its

remand request.

   The Court considers whether the scope of Defendant's remand request is

appropriate.  The scope of any litigation is confined to the issues raised in a

plaintiff's complaint.  See Zhaoqing Tifo New Fibre Co. v. United States, 41 CIT

__, __, 256 F. Supp. 3d 1314, 1327 (2017) (citing Vinson v. Washington Gas Light

Co., 321 U.S. 489, 498 (1944)).  Plaintiffs' complaint challenges (1) whether

Commerce had statutory authority to issue a China-wide entity rate, (2) whether

Commerce properly applied the applicable legal criteria for analyzing Plaintiffs'

separate rate eligibility, and (3) Commerce's conclusion that Plaintiffs were

controlled by the Chinese government through Chem China's ownership.  See

Compl. at 5–7.  Plaintiffs oppose Defendant's Motion, arguing that SNC's

calculated rate is irrelevant and "the remand request has absolutely nothing to do

with" Plaintiffs.  Pls.' Resp. at 2.  Plaintiffs maintain that "the instant action . . . is

limited to Pirelli challenging Commerce's refusing to grant Pirelli separate rate

status."  Id. at 5.  Defendant-Intervenor argues that Plaintiffs' complaint seeks to

reverse Commerce's determination assigning the China-wide entity rate to

Plaintiffs and to obtain separate rate status for Plaintiffs.  Def.-Interv.'s Resp. at 1–

2.  Defendant-Intervenor argues that the separate rate that Plaintiffs seek would be

based on SNC's calculated rate as the mandatory respondent.  Id.  The Court

agrees that SNC's calculated rate as the sole mandatory respondent could be

relevant if Plaintiffs were to succeed on their separate rate claim.  Because

Defendant has provided a compelling justification for its remand request and the

scope of Defendant's remand request is appropriate, the Court grants Defendant's

remand request.

### III.    Motion to Intervene

SNC filed a Motion to Intervene as Plaintiff-Intervenor on August 9, 2021.

See Mot. Intervene at 1.  SNC moves to intervene as of right out of time under the

good cause exception of USCIT R. 24(a)(3)(ii).  See id. at 2–3.  Plaintiffs consent

to the Motion to Intervene.  Id. at 3.  Defendant-Intervenor opposes the Motion to

Intervene.  See id. at 4; Def.-Interv.'s Opp'n Mot. Intervene at 1.

A party must seek intervention as a matter of right no later than thirty days

after the date of service of the complaint unless the party can show good cause for

the delay.  See USCIT R. 24(a)(3).  To show good cause, a party must show that

the motion was made out of time due to: (1) mistake, inadvertence, surprise or

excusable neglect; or (2) under circumstances in which by due diligence a motion

to intervene under this subsection could not have been made within the thirty-day

period.  Id.

      SNC claims that it is both an "interested party," under 19 U.S.C.

§ 1677(9)(A), and a "party to the proceeding" who may intervene as of right under

28 U.S.C. § 2631(j)(1)(B).  See Mot. Intervene at 2.  SNC acknowledges that it did

not move to intervene within the thirty-day period, but asserts that the good cause

exception in USCIT Rule 24(a)(3)(ii) applies to its Motion to Intervene.  See id. at

3.  SNC asserts that its antidumping duty rate was not at issue in this action until

Defendant's Motion was filed and that, even by exercising due diligence, a motion

to intervene could not have been made within the thirty-day period.  Id.  The Court

agrees.

      Intervening parties must take a case "as it stands" and are not permitted to

enlarge the issues pending before the court in a proceeding.  Vinson, 321 U.S. at

498.  "The scope of any litigation is confined to the issues raised in the plaintiff's

complaint."  Zhaoqing Tifo New Fibre, 41 CIT at __, 256 F. Supp. 3d at 1327

(citing Vinson, 321 U.S. at 498).  SNC's antidumping duty rate is relevant to the

issues raised in Plaintiffs' complaint because SNC's calculated antidumping duty

rate as the mandatory respondent serves as the basis for the rates assigned to

companies eligible for separate rate status.  SNC has made a sufficient showing

that it would be adversely affected under 28 U.S.C. § 2631(j)(1)(B) if the Court

remands for Commerce to consider new information, including allegations of fraud, regarding SNC's antidumping duty rate.  The Court concludes that SNC may intervene as of right and has shown good cause to permit its intervention out of time.  The Court therefore grants SNC's Motion to Intervene and deems as filed Proposed Plaintiff-Intervenor Shandong New Continent Co., Ltd.'s Response to Defendant's Motion to Lift the Stay and Voluntary Remand to the Department of Commerce, ECF No. 31-2 ("SNC's Response").

## CONCLUSION

For the foregoing reasons, the Court grants the motion to lift the stay ordered in Order, ECF No. 25.  The Court grants Defendant's request for a remand and grants SNC's motion to intervene.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion, ECF No. 29, is granted; and it is further

**ORDERED** that the stay in this action is lifted; and it is further

**ORDERED** that the <u>Final Results</u> are remanded to Commerce for further consideration; and it is further

**ORDERED** that SNC's Motion to Intervene, ECF No. 31, is granted; and it is further

**ORDERED** that SNC be entered as a party to this action as Plaintiff-Intervenor; and it is further

**ORDERED** that SNC's Response, ECF No. 31-2, is deemed filed; and it is further

**ORDERED** that this action shall proceed according to the following schedule:

(1)    Commerce shall file the remand results on or before January 18, 2022;

(2)    Commerce shall file the administrative record on or before February 1, 2022;

(3)    Comments in opposition to the remand results shall be filed on or before March 4, 2022;

(4)    Comments in support of the remand results shall be filed on or before April 1, 2022;

(5)    The joint appendix shall be filed on or before April 15, 2022; and

Court No. 20-00115                                                                              Page 13

      (6)    Motions for oral argument, if any, shall be filed on or before

April 22, 2022.


/s/   Jennifer Choe-Groves

Jennifer Choe-Groves, Judge

Dated:  September 20, 2021

       New York, New York