# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Judge Jennifer Choe-Groves**

|  |  |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A. AND PIRELLI TIRE LLC,<br><br>      *Plaintiffs*,<br><br>SHANDONG NEW CONTINENT TIRE CO., LTD<br><br>      *Plaintiff-Intervenor*<br><br>      v.<br><br>UNITED STATES,<br><br>      *Defendant*<br><br>and<br><br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,<br><br>      *Defendant Intervenor* | Court No. 20-00115 |

## PLAINTIFFS' MOTION FOR CLARIFICATION

Pursuant to Rule 1 Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and Pirelli Tire LLC (collectively "*Pirelli*" or "Plaintiffs") move for clarification of this Court's recent Order remanding this case to the Department of Commerce and establishing subsequent action in this court ("Remand Order"). ECF 37. As we detail below, this Court's Remand Order does not appear to address the fact that Plaintiffs' have not yet

presented any arguments concerning their claims that Commerce's decision denying separate rate status is not supported by substantial evidence on the record and/or otherwise not in accordance with law.  This apparent omission is important because it is virtually certain that Commerce's Remand Redetermination will not address this issue.  And so, we ask this Court to clarify its Remand Order to confirm that Plaintiffs will be able to proceed with the prosecution of *their* case.

This Court's September 20, 2021 Remand Order sets forth the following two step process for submission of comments addressing Commerce's Remand Redetermination:

> ORDERED that parties shall file their comments on the remand redetermination, if any, no later than 30 days after Commerce files its remand redetermination and any response to the comments shall be filed no later than 30 days after the comments are filed

Order dated September 20, 2021 (ECF 37).  Such comment process appears to be based on Rule 56.2(h) which calls for one set of comments opposing the remand determination and one set of comments responding to the opposition.[1]  Rule 56.2(h)(2) and (3).  And although this Court's Remand Order did not explicitly address word limitation, the Court of International Trade's Standard Chamber Procedures calls for a 10,000 word limit for comments on the agency's remand redetermination.  Standard Chamber Procedures 2(B)(1)(b).

Plaintiffs respectfully submit that, with respect to comments on an agency remand redetermination (challenging an AD determination), both Rule 56.2(h) and the Standard Chamber Procedures are premised upon a prior court process that has not happened in the

---

[1] We recognize, of course, that Rule 56.2(h)(5) itself permits this Court to adopt a different comment process.  *See* Rule 56.2(h)(5) ("no other comments or papers are allowed, *except by leave of court.*" (emphasis added)).

instant action.  Specifically, a typical court appeal of a Commerce AD determination follows this process:

 (a) Defendant submits administrative record
 (b) Plaintiffs' files 56.2 Motion and Brief in Support
 (c) Defendant files a Response Brief in opposition
 (d) Plaintiff files Reply Brief
 (e) Court holds Oral Argument
 (f) Court renders decision requiring remand to Commerce
 (g) Commerce submits remand redetermination
 (h) Parties submit comments in opposition and support of Commerce's remand redetermination

As noted by the above, in a typical court appeal of a Commerce AD determination, by the time parties submit comments on Commerce's remand redetermination, there has already been quite a lot of discussion on the key issues.

However, in the instant case, there has not been any discussion at all about Plaintiff's claims, nor a decision by the court.  <u>Indeed, not a single one of the above items has occurred.</u>

Given this unique procedural posture, Plaintiffs respectfully submit that the special procedures and process for submission of comments on agency remand redetermination (as set forth in Rule 56.2(h) and the Standard Chambers Procedures) should not apply here.  Rather, Plaintiffs respectfully submit that the process for initial briefing on an agency AD determination as established under Rule 56.2(d) of this Court should also apply.  Again, because Commerce's request for voluntary remand had nothing to do with Plaintiffs' core claim (challenging Commerce conclusion of Chinese government

control), Commerce's remand redetermination will not address Plaintiffs' core arguments. And to be very clear, <u>Plaintiffs intend to pursue their claims regardless of the outcome of Commerce's remand redetermination</u>.

Accordingly, Plaintiffs ask that this Court adopt the following process for submission of arguments following Commerce's Remand Redetermination:

| | |
|---|---|
| Commerce submits remand re-determination to court | January 18, 2022 |
| Commerce files complete administrative records for both original determination and remand redetermination | February 1, 2022 |
| Plaintiffs submit 56.2 Motion and accompanying brief | February 11, 2022 |
| Opposition comments to remand re-determination | March 4, 2022 |
| Response comments re remand re-determination | April 1, 2022 |
| Defendant and Defendant-Intervenor file Response Briefs to Plaintiffs 56.2 motion | April 12, 2022 |
| Plaintiffs file Reply Brief | May 10, 2022 |

Plaintiffs further consider that the briefing exchange under 56.2(d) Rule should also be subject to the usual word limitations of 14,000 words for Plaintiffs' and Defendant's brief and 7,000 words for Plaintiff's reply brief, in line with the Standard Chamber Procedures 2(B)(1)a.

Plaintiffs respectfully submit that adopting the above schedule and process will fully respect Plaintiffs' statutory right to seek judicial review of Commerce's determination. *See* 19 U.S.C. §1516a.

-5-

Plaintiffs further respectfully submit that there is no justification for Defendant's request for voluntary remand to abrogate Plaintiffs statutory right of presenting its case.

                Respectfully submitted,

                /s/ Daniel L. Porter

                Daniel L. Porter
                Ana Amador

                **Curtis Mallet-Prevost, Colt & Mosle LLP**
                1717 Pennsylvania Avenue, N.W.
                Washington, D.C.  20006
                202-452-7373

                *Counsel for Pirelli*

Dated:  September 23, 2021