UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., AND PIRELLI TIRE LLC,<br><br>                Plaintiffs,<br><br>SHANDONG NEW CONTINENT TIRE CO., LTD.,<br>                Plaintiff-Intervenor,<br><br>       v.<br><br>UNITED STATES,<br>                Defendant,<br><br>      and<br><br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,<br>                Defendant-Intervenor. | Court No. 20-00115 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CLARIFICATION**

Pursuant to Rule 7(d) of the Rules of this Court, defendant, the United States, respectfully submits this response to plaintiffs', Pirelli Tyre Co., LTD., Pirelli Tyre S.P.A., and Pirelli Tire LLC (collectively, plaintiffs), motion for clarification.

On July 20, 2021, defendant filed a motion to lift the stay and voluntarily remand this case to the Department of Commerce. ECF No. 29. On September 20, 2021, the Court granted our motion. ECF No. 37. In its order, the Court set forth a schedule for briefing on the remand determination. *Id.* at 12.

On September 23, 2021, plaintiffs filed a "Motion for Clarification." ECF No. 39. In its motion, plaintiffs requested that the Court amend the scheduling order to permit substantive briefing in accordance with Court of International Trade Rule 56.2, in addition to the briefing on the remand results. Plaintiffs proposed a briefing scheduling that bifurcates briefing on the remand determination and briefing under Rule 56.2.[1] In particular, plaintiffs' proposed schedule intersperses briefing on the remand determination in the midst of briefing under Rule 56.2. *See* ECF No. 39 at 4 (proposing (1) plaintiffs' 56.2 briefing, (2) opposition comments to the remand results, (3) comments in support of the remand results, (4) defendant's and defendant-intervenor's 56.2 briefing, and then (5) plaintiffs' 56.2 reply). This proposal is both inefficient and likely to lead to confusion of the issues in this case.[2] It is likely that the issues raised in comments regarding the remand determination will overlap with the issues raised in the Rule 56.2 briefing. As such, it would be more efficient and less confusing if there were only one briefing schedule. Also, there is no reason why briefing on the remand results should be expedited ahead of the Rule 56.2 briefing. Additionally, plaintiffs' proposed schedule is extraordinarily expedited.

To more efficiently present and argue the issues in this case, and to ensure that the parties have sufficient time to prepare their briefs, we propose the following schedule:

1. Commerce shall file the remand results on or before January 18, 2022;
2. Commerce shall file the administrative record on or before February 1, 2022;
3. Plaintiffs' 56.2 brief shall be filed on or before March 21, 2022;
4. Comments in opposition to the remand results shall be filed on or before March 21, 2022;
5. Defendant's and Defendant-Intervenor's Response 56.2 brief shall be filed on or before May 20, 2022;

---

[1] Plaintiffs did not consult with defendant or defendant-intervenor before proposing this schedule to the Court.

[2] Plaintiffs' proposed schedule also neglects to include deadlines to file the Joint Appendix and request oral argument.

     6.   Comments in support of the remand results, shall be filed on or before May 20, 2022;
     7.   Plaintiffs' 56.2 reply brief shall be filed on or before June 20, 2022;
     8.   The joint appendix shall be filed on or before July 5, 2022; and
     9.   Motions for oral argument, if any, shall be filed on or before July 12, 2022.

We have consulted with plaintiffs and defendant-intervenor regarding our proposed schedule. We understand that plaintiff-intervenor intends to adopt our approach of maintaining one briefing schedule but propose a longer briefing period. We do not object to that schedule should the Court wish to impose a longer briefing period. We also have no objection to plaintiff-intervenor's proposed word count. Finally, we understand that plaintiff-intervenor intends to propose that the Court impose a twelve business day comment period on the draft remand results. Although Commerce intends to provide the parties with a sufficient opportunity to comment on the draft remand results, it is not within the Court's purview to dictate the bounds of the administrative proceedings. *See, e.g.*, *Huzhou Muyun Wood Co. v. United States*, 279 F. Supp. 3d 1215, 1223 (Ct. Int'l Trade 2017) (explaining that Commerce has the discretion to create its own rules of procedure).

> In consultation with plaintiffs on this matter, plaintiffs have indicated the following:
>
> Plaintiffs strongly dispute the underlying factual predicates in Defendant's response, namely, that the issues raised in comments regarding the remand determination will overlap with the issues raised in the Rule 56.2 briefing and that Plaintiffs proposal was somehow inefficient. These factual statements are just not true.
>
> That stated, proper examination of both proposals indicate that they are really very similar, with just some differences on timing of when Plaintiffs would file its 56.2 motion and accompanying brief. Accordingly, Plaintiffs are willing to accept the schedule as set forth in Defendant's counter-proposal on the condition that court notes its expectation that the schedule will be followed by all parties with only allowances for requests for a delay of a few days to handle truly unexpected exigent circumstances.
>
> In consultation with defendant-intervenor, defendant-intervenor indicates the following:
>
> Given that Commerce has sought the remand to address issues outside those raised by Pirelli in its complaint, we believe that it would be better to address any comments on the remand before proceeding to the briefing on the issues with the decision that have actually been challenged by Pirelli in order to avoid unnecessary complications. That

3

said, Defendant-Intervenor's position is that it leaves the matter of whether briefing and comments on remand should be intermingled up to the judgement of the Court, but if the Court does find such intermingling preferable, Defendant-Intervenor does support the government's proposal to simplify the process by having the combined due dates.

For the foregoing reasons, we respectfully request the Court adopt our proposed briefing schedule.

                                                Respectfully Submitted,

                                                BRIAN M. BOYNTON
                                                Acting Assistant Attorney General

                                                JEANNE E. DAVIDSON
                                                Director

                                                /s/ Patricia M. McCarthy
                                                PATRICIA M. MCCARTHY
                                                Assistant Director

| | |
|---|---|
| | /s/ Ashley Akers |
| | ASHLEY AKERS |
| | Trial Attorney |
| | U.S. Department of Justice |
| AYAT MUJAIS | Civil Division |
| Attorney | Commercial Litigation Branch |
| Office of the Chief Counsel for | P.O. Box 480, Ben Franklin Station |
| Trade Enforcement and Compliance | Washington, DC 20044 |
|   United States Department of Commerce | Telephone: (202) 353-0521 |
| | Facsimile: (202) 307-0972 |
| | Ashley.Akers@usdoj.gov |
| | |
| | Attorneys for Defendant |

Dated:  October 12, 2021

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., AND PIRELLI TIRE LLC, <br><br> Plaintiffs, <br><br> SHANDONG NEW CONTINENT TIRE CO., LTD., <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> Defendant-Intervenor. | Court No. 20-00115 |

### PROPOSED ORDER

Upon consideration of the proposed briefing schedules, it is hereby

**ORDERED** that

1. Commerce shall file the remand results on or before January 18, 2022;
2. Commerce shall file the administrative record on or before February 1, 2022;
3. Plaintiffs' 56.2 brief shall be filed on or before March 21, 2022;
4. Comments in opposition to the remand results shall be filed on or before March 21, 2022;
5. Defendant's and Defendant-Intervenor's Response 56.2 brief shall be filed on or before May 20, 2022;
6. Comments in support of the remand results, shall be filed on or before May 20, 2022;

5

7. Plaintiffs' 56.2 reply brief shall be filed on or before June 20, 2022;
8. The joint appendix shall be filed on or before July 5, 2022; and
9. Motions for oral argument, if any, shall be filed on or before July 12, 2022.

                                                                                                                   /s/_____
                                                                                                                   Jennifer Choe-Groves, Judge

Dated: _____
      New York, New York