IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
                                            )
PIRELLI TYRE CO., LTD., PIRELLI TYRE        )
S.P.A., AND PIRELLI TIRE LLC,               )
                                            )
        Plaintiffs,                       )
                                            )
  v.                                       )
                                            )
UNITED STATES,                              )
                                            )   Court No. 20-00115
        Defendant,                        )
                                            )
  and                                      )
                                            )
THE UNITED STEEL, PAPER AND FORESTRY,       )
RUBBER, MANUFACTURING, ENERGY,              )
ALLIED INDUSTRIAL AND SERVICE               )
WORKERS INTERNATIONAL UNION,                )
AFL-CIO, CLC,                               )
                                            )
        Defendant-Intervenor               )
_____)

**ORDER**

Upon consideration of defendant-intervenor's comments regarding the remand redetermination, defendant's response thereto, and all other pertinent papers, it is hereby

    ORDERED that the remand redetermination is sustained

    AND final judgment is entered in favor of the United States.

Date:_____                                    _____
    New York, NY                                                Senior Judge

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., AND PIRELLI TIRE LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC,<br><br>    Defendant-Intervenor | Court No. 20-00115 |

### **DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to comments filed by defendant-intervenor United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (collectively USW) concerning the Department of Commerce's (Commerce) remand redetermination, issued by Commerce pursuant to this Court's order granting Commerce's request for voluntary remand. *See* Final Results of Redetermination Pursuant to Court Remand, April 28, 2022 (Remand Redetermination) (P.R.R. 66) (C.R.R. 85), ECF No. 55; Sept. 20, 2021 Order (Remand Order), ECF No. 37; USW Cmts., ECF No. 62. Because Commerce's remand redetermination is lawful

1

and supported by substantial evidence, we respectfully request that this Court sustain the remand redetermination and enter judgment for the United States.

## BACKGROUND

On April 22, 2020, Commerce published the final results of its administrative review covering certain passenger vehicle and light truck tires from China. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China*, 85 Fed. Reg. 22,396 (Dep't of Commerce April 22, 2020) (final results), and accompanying Issues and Decision Memorandum (IDM). In the final results, Commerce utilized the zero-percent dumping margin assigned to mandatory respondent Shandong New Continent Tire Co., Ltd. (New Continent) as the basis for the rate assigned to non-individually examined respondents who had demonstrated eligibility for a separate rate. *See* Final Results, 85 Fed. Reg. at 22,397.

On May 21, 2020, Pirelli Tyre Co., Ltd., Pirelli S.p.A., and Pirelli Tire LLC (Pirelli), a non-individually-examined company who did not demonstrate eligibility a separate rate, appealed Commerce's final results to this Court. *See* Summons, ECF No. 1; Compl., ECF No. 6. On July 27, 2020, Pirelli filed an unopposed motion to stay this action a final decision by the Court of Appeals for the Federal Circuit in *China Manufacturers Alliance, LLC v. United States*, 1 F.4th 1028 (Fed. Cir. 2021). *See* July 27, 2020 Stay Motion, ECF No. 23. This Court granted the motion. *See* Aug. 6, 2020 Order, ECF No. 25. In June 2021, the Federal Circuit issued its decision in *China Manufacturers*. *See China Manufacturers*, 1 F.4th at 1028.

However, on May 20, 2021, prior to the *China Manufacturers* decision, U.S. Customs and Border Protection (CBP) notified Commerce that it had identified inaccuracies in the sales prices on imports of passenger tires from China reported by New Continent during this review. *See* Oct. 29, 2021 CBP Referral Memorandum (P.R.R. 1) (C.R.R. 2). CBP had compared the

prices reported by New Continent to Commerce with those reported to CBP at the time of entry and found significant undervaluation with regard to the information provided to CBP; specifically, CBP noted that the values submitted to it were approximately $2.6 million lower than those submitted to Commerce. *Id.*

Because Commerce had used New Continent's sales information to calculate the rate assigned to the non-individually examined respondents eligible for a separate rate, and because the information from CBP raised serious questions regarding U.S. sales information reported to Commerce by New Continent, we requested a voluntary remand so that Commerce could further examine the issues raised by CBP. *See* July 20, 2021 Voluntary Remand Motion, ECF No. 29. This Court granted our request. *See* Remand Order.

At the outset of the remand proceedings, Commerce placed the CBP Referral Memorandum on the record and reopened the record to provide interested parties an opportunity to submit factual information and comments to rebut, clarify, or correct the information on the record. *See* Remand Redetermination at 3. Interested parties, including New Continent, USW, and NBR Wheels and Tires LLC (NBR) submitted comments, as well as rebuttal comments. *See id*. After receiving these comments, Commerce issued supplemental questionnaires to New Continent and its affiliated importer Comforser North America LLC (Comforser), as well as NBR; in response, New Continent submitted over 20,000 pages of new factual information.[1] *Id.* at 4.

On March 30, 2022, Commerce issued its draft remand redetermination. *See* Draft Remand Redetermination (P.R.R. 58) (C.R.R. 83). In its draft remand redetermination, Commerce preliminarily determined that New Continent had accurately reported its export price

---

[1] NBR submitted a letter in lieu of a supplemental questionnaire response.

3

(EP) and constructed export price (CEP), and that the information reported by New Continent and Comforser in the underying review was also accurate. *See* Remand Redetermination at 8. Commerce also determined that the record evidence did not support a finding that New Continent was affiliated with ███████████████████████████████. Both USW and New Continent filed comments on the draft remand results, and Commerce, after addressing those comments, determined not to depart from its draft results. It therefore continued to find that New Continent had accurately reported its sales information during the underlying administrative review and that New Continent was not affiliated with ███████████. Remand Redetermination at 24. Accordingly, Commerce did not adjust New Continent's dumping margin, or the rate for non-individually-examined respondents eligible for a separate rate.

**ARGUMENT**

**I.     Standard Of Review**

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Under this standard, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted). Instead, when, as here, Congress has entrusted an agency to administer a statute that demands inherently fact-intensive inquiries,

4

Commerce's conclusions may be set aside only if the record contains evidence "so compelling that no reasonable factfinder" could reach the same conclusion. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

## II. Commerce's Remand Redetermination Is Lawful, Reasonable, And Supported By The Record; USW Does Not Sufficiently Demonstrate Otherwise

This Court should sustain the remand redetermination, as Commerce came to a reasonable conclusion that is supported by record evidence and is otherwise in accordance with law. In its remand comments, USW does not contest Commerce's determination with regard to the affiliation issue. *See generally* USW Cmts. Accordingly, the only issue remaining is whether Commerce's determination as to the accuracy of the information submitted by New Continent in the underlying administrative review is supported by substantial evidence. Despite sundry arguments to the contrary, USW cannot demonstrate that Commerce's conclusion was unreasonable or unsupportable.

New Continent submitted ▮▮▮▮ to the record; however, only ▮▮▮▮ is relevant to Commerce's remand determination, as ▮▮▮▮ ▮▮▮▮. *See* Remand Redetermination at 5-7.[2] Accordingly, Commerce looked to whether ▮▮▮▮ ▮▮▮▮ was consistent with the other information provided by New Continent during the administrative review. *Id*. at 7.

After thoroughly analyzing ▮▮▮▮ submitted by New Continent, which included ▮▮▮▮ ▮▮▮▮ and corresponded to ▮▮▮▮ identified in the CBP



---

[2] Commerce discussed in detail why ▮▮▮▮ is not germane to its ultimate determination. *See* Remand Redetermination at 5-7.

5

Referral, Commerce determined that [ ] could be tied to the U.S. sales database reported by New Continent in the underlying review [ ]. Remand Redetermination at 7-8. Thus, Commerce determined that it was able to fully match the values from [ ] to the same invoices in the section C database. *Id*. at 8. Commerce thus reasonably found that the matching information supported New Continent's claim that [ ]. *Id*. In addition, after analyzing [ ], reconciliation documents, and the declaration of one of New Continent's sales managers, Commerce found that New Continent accurately reported its export price and constructed export price sales. *Id*. These determinations by Commerce were all supported by extensive record evidence; as Commerce noted, its actions during the remand were similar to those undertaken during a verification, and Commerce found New Continent's information verifiable. *Id*. at 19-20.

USW argues that Commerce failed to address record evidence that conflicted with Commerce's acceptance of New Continent's reporting, specifically that [ ] submitted by New Continent could not be tied to the U.S. sales reported by New Continent or contradicted New Continent's claims. *See* USW Cmts. at 18-23. USW further claims that Commerce failed to address New Continent's [ ]. *Id*. at 23-24.

As an initial matter, contrary to USW's assertions, Commerce was actually able to tie [ ] from New Continent to its U.S. sales value from the underlying review for [ ] (*i.e.*, for [ ] of the [ ]). *See* Remand Redetermination at 19. This certainly constitutes substantial evidence supporting Commerce's

6

conclusions. Indeed, Commerce found that such information was verifiable, and that New Continent had accurately reported its U.S. sales information to Commerce during the underlying review. *Id.*

There is also no reasonable argument that Commerce failed to consider USW's contentions in the remand proceedings, in particular New Continent's ███████████ ███████████████████████████████████. Indeed, Commerce specifically stated that New Continent had provided sufficient information to show that it had taken steps to ensure that finalized invoices were not modified after issuance. *See* Remand Redetermination at 16-17. Furthermore, and importantly, USW has not identified any evidence on the record that demonstrates that ████████████████████████████████████████████████ ████████████. *Id.* at 17. In addition, Commerce found that the ████████ that New Continent had submitted on the original record of the underlying review, and then had recreated for this remand record, were identical matches with regard to the material information. *Id.* at 18. Specifically, the U.S. sales price and quantity included in the ████████ were the same. *Id.* Thus, Commerce reasonably concluded that, while it is true that New Continent had ██████ ████████████, the differences between them were superficial and amounted to mere clerical errors that had no material impact on the quantity and value of the reported sales. *Id.* at 20.

USW also argues that Commerce failed to consider the evidence regarding New Continent's ████████████████████████████, citing several cases for the proposition that, when there is evidence a party may have committed fraud, the reliability of all other information submitted by that party is called into question. *See* USW Cmts. At 25. According to USW, Commerce did not explain why ███████████████████████████████████████

7

should not detract from Commerce's acceptance of the other information New Continent submitted. *See id.*

First, USW does not actually establish that New Continent itself committed fraud, or had knowledge of any fraud, [REDACTED]. Second, whether New Continent submitted [REDACTED] is not relevant to Commerce's determination of whether the information New Continent had provided *to Commerce* was accurate and reliable. Commerce did not render its conclusions by relying on [REDACTED] but instead, as discussed earlier, it had solicited information from New Continent on remand to evaluate whether New Continent's reporting in the underlying review was accurate. *See* Remand Redetermination at 20. And New Continent's submissions demonstrated to Commerce that it was.

The documentation provided to CBP is relevant in that it was the catalyst for CBP referring this issue to Commerce and Commerce initiating the voluntary remand. *Id*. As stated in the remand redetermination, Commerce's determination does not reach the reliability of [REDACTED]. *Id*. at 4, 20. And the record does not indicate whether CBP has determined the outcome of its own investigation, and CBP may make its own determinations regarding the possibility of fraud. *Id*. at 4, 20-21. But on remand here, Commerce conducted an exhaustive analysis, akin to verification, of New Continent's information, and determined, based on the record evidence, that the U.S. sales price information was accurate; accordingly, there was no cause to resort to facts available or apply an adverse inference. Simply because USW may have concerns or can point to certain issues that may appear to detract from Commerce's conclusions *does not* render Commerce's determination unreasonable or unsupported by substantial evidence.

8

## **CONCLUSION**

For these reasons, and those stated in the remand redetermination, we respectfully request that the Court sustain Commerce's remand redetermination and enter final judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

OF COUNSEL:
Ayat Mujais
Attorney
U.S. Department of Commerce
Office of the Chief Counsel For Trade
  Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, D.C. 20230
Tel: (202) 482-4750
Email: ayat.mujais@trade.gov

/s/Sosun Bae
SOSUN BAE
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington DC 20044
Tel: (202) 305-7568
Fax: (202) 514-7965
Email: Sosun.Bae@usdoj.gov

September 26, 2022

Attorneys for Defendant


## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 2,145 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

                                          <u>s/Sosun Bae</u>
                                          Sosun Bae

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2022, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

/s/ Sosun Bae
Sosun Bae