# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Jennifer Choe-Groves, Judge**

| | |
|---|---|
| **PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A. AND PIRELLI TIRE LLC,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| and | )<br>) |
| **SHANDONG NEW CONTINENT TIRE CO., LTD** | )<br>)<br>) |
| **Plaintiff-Intervenor,** | )<br>) |
| v. | )<br>) **Court No. 20-115** |
| **UNITED STATES** | )<br>) |
| **Defendant,** | )<br>) |
| and | )<br>) |
| **THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC** | )<br>)<br>)<br>)<br>)<br>) |
| **Defendant-Intervenor.** | )<br>) |

## MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to U.S. Court of International Trade ("USCIT") Rule 59(e), Plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.P.A. and Pirelli Tire LLC (collectively "Pirelli") move this Court to amend its March 20, 2023 judgment sustaining Commerce's determination as amended in the remand redetermination. *See* Judgment, ECF No. 89 (Mar. 20, 2023). Specifically, Pirelli asks that this court amend the judgment after due

consideration of Pirelli's invocation of USCIT R. 44.1 which presented certain provisions of Italian Law on the record of this proceeding for judicial review.  *See* Pirelli's Brief in Support of Motion for Judgment on the Agency Record at 7, ECF No. 66 (July 11, 2022) (providing a statement pursuant to Rule 44.1 and appending the relevant legal provisions) ("Pirelli Opening Brief").

To prevail under USCIT R. 59(e), the moving party must show that there has been "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered on in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." *Maclean-Fogg Co. v. United States*, 853 F. Supp. 2d 1253 (2012) (*citing Target Store v. United States*, 471 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2007)); *see also Meridian Prods., LLC v. United States*, 77 F. Supp. 3d 1307, 1311-12 (Ct. Int'l Trade 2015) (vacated on other grounds).  A motion under USCIT R. 59(e) may not be granted to "permit the losing party another chance to re-litigate the case."  *USEC, Inc. v. United States*, 138 F. Supp. 2d 1335, 1337-8 (Ct. Int'l Trade 2001). Such a motion is, however, to correct "a fundamental or significant flaw in the original proceeding." *Maclean-Fogg*, 853 F. Supp. 2d at 1255; *Asociacion Colombiana de Exportadores de Flores v. United States*, 19 F. Supp. 2d 1116, 1118 (Ct. Int'l Trade 1998).

In the above-captioned proceeding Pirelli made certain arguments regarding the force and effect of Italian Law on the nature of it operations.  Specifically, Pirelli argued that the majority of the board of directors of Pirelli & C. S.p.A. ("Pirelli Italy") were

independent directors and that Italian Law, and other corporate controls, prevented those individuals from exerting the type of undue influence upon which the Department of Commerce's control finding was premised. *See, e.g.*, Pirelli Opening Brief at 23. As part of that argument, Pirelli requested that the Court take judicial notice of the relevant provisions of Italian Law under USCIT Rule 44.1 and provided the relevant excerpts consistent with that provision. *Id.* at 7, 44; *see also* Pirelli's Reply Brief in Support of Motion for Judgment on the Agency Record at 23-25, ECF No. 80 (Nov. 3, 2022); Oral Argument Transcript at 31:08-33:01, 45:02-46:50, 57:12-ECF No. 86 (Jan. 12, 2023). This Court, however, did not rule on that aspect of this proceeding and instead considered only Commerce's rejection of the relevance of Italian Law in the context of the underlying administrative proceeding.

As discussed in its briefing and before this Court at oral argument, Pirelli's argument under USCIT R. 44.1 is not about Commerce's proceeding, or the deference that is due to the agency in conducting its proceedings, but about the authority of this Court to consider Italian Law under its own rules. The meaning of Italian Law with respect to the duties of independent directors is fundamentally a legal question which it was appropriate for this Court to resolve. The Court's opinion does not consider that aspect of the case. In ruling on the import of the composition of the board of directors this Court found that "{t}he respondent bears the burden of creating the record for Commerce's review. Pirelli did not provide to Commerce the relevant portions of Italian law on which its arguments relied. In this case, the Court concludes that Commerce's rejection of Pirelli's unsupported interpretations of Italian law was reasonable." Slip Op.

23-38 at 35-36, ECF No. 88 (Mar. 20, 2023).  This holding disposes of the question of whether Commerce was bound to consider those provisions but does not address the Court's position on the meaning of "independent director" under Italian Law pursuant to USCIT R. 44.1 or whether the Court considered the legal text so submitted.

This issue was squarely presented to the Court in the proceeding and the disposition of whether the Court considered Italian Law under USCIT R. 44.1 has direct implications for the outcome of the case and Pirelli's eligibility for a separate rate in the context of the 2017-2018 annual review of the antidumping duty order on certain passenger vehicle and light truck tires from the People's Republic of China.  The obligations of the independent shareholders was central to Commerce's ruling in the administrative finding that this Court sustained.  As the Court's opinion acknowledges Commerce's finding is premised on a single factor of the separate rate analysis "whether the respondent has autonomy from the central, provincial and local governments in making decisions regarding the selection of its management."  Slip Op. 23-38 at 34.  The meaning of Italian Law is directly relevant to whether that conclusion can be sustained.

Pirelli specifically drew distinctions between Commerce's interpretations of foreign law and this Court's authority under USCIT R. 44.1.  *See* Pirelli Opening Br. at 44 (*citing Nuove Industrie Elettriche Di Legnano S.p.A. v. United States*, 739 F. Supp. 1567 (Ct. Int'l Trade 1990); Pirelli Reply Br. at 24-35; Oral Argument Transcript at 58:25-59:22 ("we would urge you to consider the Italian Law under Rule 44.1 to gauge whether Commerce's interpretation was consistent with the law.").  Despite significant argument about this legal issue before the Court, the Court's opinion does not make a

single reference to USCIT R. 44.1 or its view on whether it was appropriate for the Court to review Italian Law itself under the rule. The opinion thus lacks a complete disposition of the issue presented regarding whether Italian Law has any impact on whether Commerce's determination was lawful and supported by substantial evidence. The disposition of that issue could potentially impact the outcome of the case and Pirelli respectfully requests that this Court reconsider its judgment in view of the arguments above and those presented to it in the course of the proceeding below.

Pirelli submits that such a reconsideration is appropriate in view of the central importance of Commerce's conclusions about the board of directors of Pirelli Italy to the outcome of the case. To the extent that this Court did consider Italian Law under USCIT R. 44.1 it could undermine the central premise of Commerce's conclusion. It is, however, unclear from the Court's opinion whether this issue was specifically addressed as a legal issue before the Court rather than a matter only of what was on Commerce's record.

The Court has previously granted motions for reconsideration on the basis that important arguments were not addressed in the Court's initial opinion. *Maclean-Fogg*, 853 F. Supp. 2d at 1256 (finding the failure of the Court to address an argument regarding a preliminary rate to be grounds for reconsideration); *Posco v. United States*, 382 F. Supp. 3d 1346, 1349 (Ct. Int'l Trade 2019) (finding that Commerce had failed to perform the requisite steps in its AFA hierarchy on the basis of an argument by respondent); *Home Prods. Int'l, Inc. v. United States*, 837 F. Supp. 2d 1294, 1303 (Ct.

Int'l Trade 2012) (remanding a surrogate value issue based on a more complete understanding of the respondent's argument).

"The granting of a motion for reconsideration is within the sound discretion of the Court." *See United States v. UPS Customhouse Brokerage, Inc.*, 714 F. Supp. 2d 1296, 1300 (Ct. Int'l Trade 2010). Pirelli respectfully request that this Court exercise such discretion here and issuing an amended judgment addressing the Pirelli's invocation of USCIT R. 44.1 and whether the Court's own review, should it find such review appropriate, of those provisions alters the Court's holding.

Respectfully submitted,

/s/ Daniel L. Porter
Daniel L. Porter
James C. Beaty
Ana M. Amador

*Counsel for Pirelli Tyre Co., Pirelli Tire LLC, and Pirelli Tyre SpA*

# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Jennifer Choe-Groves, Judge**

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A. AND PIRELLI TIRE LLC, <br><br> Plaintiffs, <br><br> and <br><br> SHANDONG NEW CONTINENT TIRE CO., LTD <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES <br><br> Defendant, <br><br> and <br><br> THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC <br><br> Defendant-Intervenor. | Court No. 20-115 |

## ORDER

Upon consideration of Plaintiffs' Pirelli Tyre Co., Ltd., Pirelli Tyre S.P.A. and Pirelli Tire LLC (collectively "Pirelli") motion to alter or amend a judgment , and upon consideration of all responses thereto and other papers and proceedings herein, and with due deliberation, it is hereby:

**ORDERED** that Plaintiffs motion is granted; and it is further

**ORDERED** that Slip Op. 23-38 is vacated with respect to the Court's affirmance of the Department of Commerce's interpretation of the term "independent director"; and it is further

**ORDERED** that the Department of Commerce conduct remand proceedings with respect to that issue consistent with the Court's opinion on this issue.

**SO ORDERED**

Dated: _____           _____
    New York, New York                 The Honorable Jennifer Choe-Groves