IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| PIRELLI TYRE CO., LTD., PIRELLI TYRE S.P.A., AND PIRELLI TIRE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> Defendant-Intervenor | Court No. 20-00115 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 59(e)**
**MOTION TO ALTER OR AMEND JUDGMENT**

Pursuant to Rule 59(e) of the Rules of this Court (USCIT), defendant, the United States, respectfully submits this response to the motion to alter or amend judgment, which this Court typically describes as a motion for reconsideration, filed by plaintiffs Pirelli Tyre Co., Ltd., Pirelli Tyre S.p.A., and Pirelli Tire LLC (collectively, Pirelli). *See* ECF No. 90 (Motion to Alter or Amend ). Pirelli requests that this Court alter or amend its March 20, 2023 judgment sustaining Commerce's final determination and voluntary remand redetermination, invoking USCIT Rule 44.1 and asking the Court to interpret Italian law. *See* Judgment, ECF No. 89;

Motion to Alter or Amend at 1-2. Because Pirelli has not met the standards required USCIT Rule 59(e), the Court should deny the motion.

Under USCIT Rule 59(e), the moving party must show one of four factors to alter or amend the judgment: that there has been "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." *Maclean-Fogg Co. v. United States,* 853 F. Supp. 2d 1253, 1255 (Fed. Cir. 2012) (quoting *Target Store v. United States,* 471 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2007)).[1] A motion under USCIT Rule 59(e) may not be granted to "permit the losing party another chance to re-litigate the case." *USEC, Inc. v. United States,* 138 F. Supp. 2d 1335, 1337-38 (Ct. Int'l Trade 2001).

None of the above factors of USCIT Rule 59(e) are met here. And while Pirelli cites these four factors in its motion, Motion to Alter or Amend at 2, it fails to specify in its motion on which factor or factors it bases its request for alteration or amendment of the judgment. Regardless, Pirelli's arguments do not support altering or amending this Court's final judgment.

---

[1] The Court in *Maclean-Fogg* entertained a USCIT Rule 59 motion "despite the Court's remand order," which was then pending. *See id.*, 853 F. Supp. 2d at 1254. But, as this Court held in *NEXTEEL Co., Ltd v. United States,* 389 F. Supp. 3d 1343 (Ct. Int'l Trade 2019), "Rule 59 is not the proper avenue for bringing a motion for reconsideration" in the absence of a final judgment. *Id.* at 1347. In that case, the Court treated the ostensible USCIT Rule 59 motion as one for reconsideration under USCIT Rule 54(b). *See id.* at 1347-48 ("Grounds for reconsideration include 'an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice.'") (quoting *Ford Motor Co. v. United States*, 30 CIT 1587, 1588 (2006)). But, because there is a final judgment in this case, Pirelli's USCIT Rule 59 motion is not procedurally improper. Thus, although it is unclear what relevance the *Maclean-Fogg* factors should have because the motion in that case was not properly filed pursuant to USCIT 59, we nonetheless address those factors here because they are substantially similar to those applied in *Ford*, which decided a USCIT Rule 59 motion, and because Pirelli relies on them in its motion. *See* Motion to Alter or Amend at 2.

Indeed, the motion attempts to relitigate an issue already resolved by this Court: Commerce's determination that Pirelli China did not rebut the presumption of *de facto* government control.

First, factors one and two are not met, as Pirelli cannot demonstrate that there were errors or irregularities in the ruling, or a serious evidentiary flaw.  As we stated in our response to motion for judgment on the agency record, the Italian law on which Pirelli relies as evidence was not on the record of this review.  IDM at 15; *see also Ta Chen Stainless Steel Pipe, Inc. v. United States*, 298 F.3d 1330, 1336 (Fed. Cir. 2002) (it is the respondent's burden to create an accurate record); *Zenith Elecs. Corp. v. United States*, 988 F.2d 1573, 1583 (Fed. Cir. 1993) ("The burden of production{belongs} to the party in possession of the necessary information).  Pirelli notes that it filed the Italian law as an attachment to its brief supporting the motion for judgment on the agency record before this Court, but this late attempt to cure its undisputed failures during the administrative proceeding could have had no bearing on Commerce's decision, and the Court should not consider this untimely submission in reviewing Commerce's determination.  Commerce's determination is based on the record of the proceeding, and this Court properly ruled on that determination and whether it was based on substantial evidence in the *record of the proceeding*.

Even if, for the sake of argument, this Court looked at the extra-record Italian law that Pirelli had belatedly attached to its brief, this should not affect its consideration of Commerce's determination or its decision of whether the determination was based on substantial record evidence because it is not the role of this Court to make factual determinations with regard to foreign law in Commerce's stead.  *See, e.g., Certain New Pneumatic Off-the-Road Tires From the People's Republic of China*, 73 Fed. Reg. 40,480 (Dep't of Commerce July 7, 2008) (final results), and accompanying IDM at cmt. F.13 (explaining Commerce interprets foreign laws to

3

be factual information within the meaning of 19 C.F.R. § 351.102(b)); *Goldlink Indus. Co. v. United States*, 431 F. Supp. 2d 1323, 1326 (Ct. Int'l Trade 2006) ("The court may not substitute its judgment for that of the {agency} when the choice is between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."); *see also Timken Co. v. United States*, 699 F. Supp. 300, 306 (Ct. Int'l Trade 1988) (stating that it is "not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record").  Indeed, this Court addressed Pirelli's arguments here in its final judgment, holding that even if the Italian law had been considered by Commerce or this Court, it "would not be dispositive in this case . . . because Commerce sufficiently cited substantial evidence on the record…to support Commerce's determination that Pirelli Italy was still under Chinese-government control."  *See* March 20, 2023 Slip Op. 23-38 at 39, ECF No. 88.  Pirelli's claim that Rule 59 relief in this case is appropriate because this Court's consideration of Italian law "could undermine the central premise of Commerce's conclusion" is without merit.  *See* Motion to Alter or Amend at 5.

      Pirelli also fails to establish that it could meet factor three or four of the *Maclean-Fogg* standards.  Pirelli does not claim that there was a discovery of *new* evidence, nor does Pirelli claim that there was an accident, unpredictable surprise or unavoidable mistake that had impaired its ability to adequately present its case.  Because Pirelli cannot establish it meets any of the four factors require for amendment or alteration of the judgment, we respectfully request that this Court deny Pirelli's motion.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

| | |
|---|---|
| OF COUNSEL:<br>Ayat Mujais<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel For Trade<br>  Enforcement and Compliance<br>1401 Constitution Avenue, NW<br>Washington, D.C. 20230<br>Tel: (202) 482-4750<br>Email:  ayat.mujais@trade.gov | <u>/s/Sosun Bae</u><br>SOSUN BAE<br>Senior Trial Counsel<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington DC 20044<br>Tel: (202) 305-7568<br>Fax: (202) 514-7965<br>Email: Sosun.Bae@usdoj.gov |
| May 10, 2023 | Attorneys for Defendant |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 1,205 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

s/Sosun Bae<br>Sosun Bae

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of May, 2023, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

                              /s/ Sosun Bae
                              Sosun Bae